LOVE, SUPERINTENDENT OF BANKS, *et al. v.* SUNFLOWER COUNTY.

(Division A. Dec. 12, 1932.)

[144 So. 856. No. 30267.]

Cooper & Thomas, of Indianola, and **Flowers, Brown & Hester**, of Jackson, for appellants.

508

Neil & Clark, Frank E. Everett, and Moody & Johnson, all of Indianola, for appellee.

**McGowen, J.,** delivered the opinion of the court.

J. S. Love, superintendent of banks, and C. C. Moore, liquidating agent of the Bank of Indianola, appeal to this court from an adverse decree rendered against them as representatives of the Bank of Indianola, Mississippi.

The appellee, Sunflower County, filed its bill in equity against appellants and a number of sureties on the depository bond in the county's favor, executed by the bank and the named sureties. The sureties paid their obligation in full; hence there is no decree against them.

In short, the county alleged that on December 16, 1931, the Bank of Indianola closed its doors and suspended business, and that Love, as superintendent of banks, and Moore, as liquidating agent, were duly placed in charge of said defunct bank as shown by proceedings in that behalf on file in the chancery court of that county.

It was alleged that said bank qualified as its county depository for the year beginning January 5, 1931, and executed surety bonds signed by several surety bond companies, conditioned that the depository would discharge the duties required by law, and that these surety bonds had been breached.

It was further charged that there was deposited in the bank, as county depository, twenty thousand dollars of the bonds of the Gravel bayou district of Sunflower county, Mississippi, as further and additional indemnity to the county for the faithful discharge of its duties as such depository.

It was also alleged that the county had funds on deposit in said bank, on closing its doors finally, largely in excess of the total amount of surety bonds added to the district bonds deposited as security for its public fund deposits, and that all the assets of said bank were liable to be subjected to the payments of its prior claim for deposit of its public funds in the said bank not secured by the indemnity set forth, including a statutory penalty and attorney's fees.

Certain real estate was described, including the banking house, and a lien was asserted in the county's favor as against said real estate for the payment of the excess of public money on deposit due it for which it did not have indemnity, and that an accounting was necessary in order that said amount so due it might be ascertained.

The bill then prayed for process for a decree for the amount due it, for the statutory penalty for reasonable attorney's fees, and for a decree adjusting all equities, and for general relief.

Certain surety bond companies, parties to the bill as defendants, were sued on their several bonds, but, upon payment of their obligations, the bill was dismissed as to them.

The city of Indianola was, during the pendency of the suit. allowed to file what is termed an intervention, and by it asserted a like situation as to itself and the bank, and prayed for practically the same relief.

The answer of appellants set forth the bank's contention under the controlling statutes, and that contrary to all the complainants' contention that the district bonds deposited with the county were worth, when put as security, their face value as of the date of their being accepted as indemnity, and should be so valued in the allocation of the amount of depository indemnity, denied any special preference for trust existed, and further asserted that, the surety bonds having been paid in full,

including penalty and attorney's fees, the drainage bonds held by the county should be sold by it, and the proceeds applied by the board of supervisors.

Appellants denied liability for any penalties or attorney's fees.

They further set up that the Indianola Bank was in process of administration in the chancery court, that the rights of all the depositors were being protected, and that appellee's suit was prematurely brought, because the county had not exhausted its security or indemnity, and that the suit was unnecessary in the light of the pending liquidation.

The evidence took a wide range, and we shall not detail it here.

The court decree granted the county and city the relief sought, ascertained the amount due the county and city by the bank as a depository, ordered Love and Moore, as liquidators of the bank, to pay that sum, or, in default, appointed a special commissioner of the court to advertise and sell the Gravel bayou drainage district bonds and apply the proceeds thereto.

The court further decreed that the county and city have and recover of the Indianola Bank, in liquidation, the fixed sums due each, and directed appellants to pay the sum so fixed, in default of which payment a general prior lien was declared, and charged all the assets of the bank, and prior specific lien was fixed on certain real estate, the banking house and fixtures. The defunct bank was ordered sold by a named special commissioner.

It will be noted that, while liquidation proceedings were pending, and within six months of the filing thereof, the decree of the court wrested from the control of the banking department and the court's liquidating agent certain property belonging to the bank, and ordered its sale independent of the prior pending proceedings in that court on the creditors' separate bill in equity.

The gist of the bill was to have the court in a separate independent proceeding ascertain the amounts due the county from the Bank of Indianola as a depository, and allow it statutory penalty and damages asserted under section 3817, Code 1930, and also fix the amount due it, a depositor of the bank of public trust funds, and to subject certain specific property to sale for the payment of its claim.

The proceedings and decree in this cause cannot be approved by us. The bill was demurrable as to these appellants, and should have been dismissed.

Section 3817, Code 1930, sets forth, at length, the procedure, in virtue whereof the chancery court had before the filing of the bill herein taken jurisdiction. Moore had been duly appointed liquidating agent. He was then and there subject to the decrees and orders of the chancery court or chancellor in vacation. This section vests full jurisdiction of the subject-matter in the liquidation matter in the chancery court. The sale of the property and the administration of the affairs of the bank are vested in the superintendent of banks and the liquidating agent, subject to the control of that court. It is a pending cause. In that cause all equities, all liens, and all priorities are to be settled by a decree of that court. If disagreement arises, the creditor is relegated to a petition filed in that cause in due time. The scheme there provided is in the main orderly and harmonious. There is found full and complete jurisdiction to afford all creditors adequate relief. Others interested are present there to observe the proceedings, and all interests involved may be there conserved and protected.

If the preference creditors here are permitted to maintain a separate bill in equity and have subjected specific property of the bank to its demand, then other creditors may do likewise, and those placed by law in charge to administer the affairs may thereby be stripped of the

assets, shorn of the powers conferred by the statute. In that proceeding other creditors may object to the allowance of a claim even though the liquidators may not do so. The stockholders likewise are directly and financially interested in such proceedings. The observance of the statute is of the highest importance. All the parties in interest may then look to one orderly harmonious proceeding and be advised at all times of the status of the estate. If we recognized a departure therefrom and a creditor of the bank at his pleasure could maintain his separate bill, the purpose of the statute would be practically destroyed. Let all parties in interest here proceed in accordance with section 3817. We are of opinion that this precise question was set at rest by this court in the case of Sunflower County v. Bank of Drew, 136 Miss. 191, and especially at page 204 thereof, 101 So. 192, 193.

The decree of the court below is reversed, and the bill dismissed without prejudice to the right of appellees to present their claims in the pending liquidation process.

Reversed, and decree for appellants dismissing bill.