LOVE, SUPERINTENDENT OF BANKS, *et al. v.* STATE, FOR USE OF KING.

(Division B.    Jan. 30, 1933.    Suggestion of Error Overruled Feb. 13, 1933.)

[145 So. 619.    No. 30389.]

**Wells, Jones, Wells & Lipscomb,** of Jackson, for appellant, Mississippi Fire Insurance Company.

Flowers, Brown & Hester, of Jackson, for appellants, J. S. Love and United States Fidelity & Guaranty Company.

W. U. Corley, of Collins, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellee, I. N. King, was a depositor in the Bank of Collins, having a certificate of deposit therein when the bank was taken over by J. S. Love, superintendent of banks, for liquidation. King procured an assignment of other depositors' funds in said bank, and, after the bank was so taken over for liquidation, brought a suit in the chancery court of Covington county, making various allegations against the directors of the bank and against J. S. Love, superintendent of banks, charging acts of negligence and bad faith, and specifically charging that one E. G. Bond, the cashier of said bank and its principal stockholder, was also a stockholder and president of the Bond Lumber Company, a corporation engaged in the sawmill business; and that he, as cashier of the bank, permitted overdrafts of the Bond Lumber Company in excess of the capital stock of the bank; that J. S. Love permitted these overdrafts to be settled by taking notes of certain individuals for a portion thereof, and that such individuals were directors of the Bond Lumber Company, and that he also permitted notes of the lumber company for something over fourteen thousand dollars to be taken in adjustment of the balance of the overdrafts, and that the parties making these notes

were insolvent. That these notes were carried as assets of the bank and renewed from time to time, all by the permission of J. S. Love, superintendent of banks.

That, by means of this management, and the carrying of said notes, and keeping the bank open for receiving deposits, the complainant was induced to make deposits in said bank, believing it to be solvent.

It was further alleged that the bank had been insolvent since 1924, and that, on November 20, 1930, J. S. Love took over said bank for liquidation, but that just prior to such time, E. G. Bond, the cashier, who had an additional loan from the bank secured by a lien on his home, which loan was largely in excess of the value of his home, was permitted to renew the note for more than one year, and that he was still collecting rent on the house, he having moved from the state after the bank was taken over for liquidation.

There are many other allegations of similar import set forth in great detail.

The defendant, Bank Superintendent J. S. Love, demurred specially to the bill, setting forth, among other grounds, that said bill was prematurely brought.

The chancellor overruled the demurrer, and allowed an appeal to settle the principles.

We think the chancellor was in error in overruling the demurrer. The bank was in the process of liquidation under section 3817, Code of 1930, providing that in liquidating the affairs of insolvent state banks taken over by the superintendent of banks, he shall proceed by first filing a petition in the chancery court of the county in which the bank is located, submitting the liquidation of such bank to the jurisdiction of that court, and proceeding under the directions of that court, and that thereafter that court shall have full jurisdiction to make any and all orders in the course of the liquidation proceedings. The section then proceeds, in detail, at considerable length, to set forth the law and the manner of liquidation,

the filing of claims and adjudication by the court as to same, and various other directions.

Of course, it was contemplated that in the liquidation of banks, the proceedings should be conducted in the best manner for the interest of all concerned, and the superintendent of banks, while administering the assets of the banks, and until the completion of such administration, cannot be interfered with by conflicting suits, brought by various depositors and creditors for the purpose of securing individual claims.

The chancery court has full jurisdiction over the superintendent of banks, and unless the court, on proper application, would specifically permit a suit to be filed and conducted, no other proceedings could be brought.

Among other rights that the superintendent of banks would have, in the administration of a bank taken over for that purpose, is the right to institute suit against the directors for the negligent operation of the bank, or for any liability in favor of the bank, and also the right to require the stockholders to pay double liability or additional liability for stock they own.

We think the case of Love v. Sunflower County (Miss.), 144 So. 856, settles the question that a suit cannot be brought while a bank is in process of liquidation, as the one here is attempted to be brought. In the third syllabus of its opinion, it is stated that: "Where insolvent bank was being liquidated, county and city could not maintain separate bill in equity and have subjected specific property of bank to their demand."

In the course of the opinion it was said: "If the preference creditors here are permitted to maintain a separate bill in equity and have subjected specific property of the bank to its demand, then other creditors may do likewise, and those placed by law in charge to administer the affairs may thereby be stripped of the assets, shorn of the powers conferred by the statute. In that proceeding other creditors may object to the allowance of a claim

even though the liquidators may not do so. The stockholders likewise are directly and financially interested in such proceedings. The observance of the statute is of the highest importance. All the parties in interest may then look to one orderly harmonious proceeding and be advised at all times of the status of the estate. If we recognized a departure therefrom and a creditor of the bank at his pleasure could maintain his separate bill, the purpose of the statute would be practically destroyed. Let all parties in interest here proceed in accordance with section 3817. We are of opinion that this precise question was set at rest by this court in the case of Sunflower County v. Bank of Drew, 136 Miss. 191, and especially at page 204 thereof, 101 So. 192, 193.''

If the liquidation of a bank by the superintendent of banks, under the direction of the chancery court, does not result in the payment of the depositors and creditors, it will be time enough for suits against the superintendant of banks and his bondsmen to be filed and litigated.

The judgment of the court below is reversed and the bill dismissed as to all the defendants without prejudice to file suit after the liquidation proceedings are concluded.

Reversed and bill dismissed.