COLUMBUS INSURANCE AND BANKING COMPANY *v.* SIMON HIRSH ET AL.

1. GARNISHMENT. *Answer. Time of filing.*
Under Code 1880, § 2444, which provides that garnishees shall answer within the first three days of the return term, they may answer before the term begins.

2. SAME. *Receipts after answer. Further disclosure.*
Garnishments bind money received between the date of service and the return day, and if the plaintiff wishes a disclosure of this, he may demand a fuller answer.

3. SAME. *Time to amend answer. Practice.*
In the latter case a reasonable time must be allowed to amend the answer, even if a continuance results; and one day is not enough if the garnishee's domicile is in a distant county.

APPEAL from the Circuit Court of Issaquena County.
HON. B. F. TRIMBLE, Judge.
On March 9, 1883, the appellees sued out, before a justice of the

peace in Warren County, a writ of attachment against W. T. Smith, returnable to the Circuit Court of Issaquena County, and a branch writ was issued to Lowndes County, where it was served upon the appellant as garnishee. The appellant answered on March 26, 1883, that it was not indebted to Smith. April 23, 1883, was the return day of the garnishment. On April 24, 1883, the plaintiffs filed their declaration, and next day took judgment against the defendant, Smith, by default. The garnishee's answer was stricken out the same day on the plaintiffs' motion, because filed before and not within the first three days of the term; and on April 26, 1883, judgment by default was entered against the appellant for the amount of Smith's debt and the costs.

*Orr & Sims*, for the appellant.

*L. Brame*, on the same side, argued orally and in writing.

Aside from the custom which existed in London, garnishment proceedings are purely statutory and cannot be pushed beyond the terms of the law. The statute is not construed liberally in favor of those invoking the remedy. *Jemison* v. *Scarborough*, 56 Texas 358; Drake on Attachment, § 451 a. Nothing is more important in taking judgment against a garnishee than that he should have a fair hearing. Drake on Attachment, § 658 d. Our practice is the one deemed too rigorous and repealed in Georgia. *Carhart* v. *Ross*, 15 Ga. 186. Usually judgment *nisi* is taken. Our courts, therefore, should look closely into the proceeding by which a garnishee is attempted to be held. The construction given to the statute by the court below is not the obvious one. It is not clear that effects or money coming into the garnishee's hands after service of the writ are bound. Drake on Attachment, §§ 667, 671. But assuming that they are, what period must the answer of the garnishee cover? All the statutory requirements are met when the time embraced is that between the service and the date that the answer is made. Section 2446, Code 1880, provides that the answer may be sworn to before an officer and forwarded to the court, and if this garnishee, for instance, had waited until the term began, its answer could not have been transmitted from Lowndes to Issaquena County before the close of the third day. It is not

provided when the answer shall be verified.    What benefit can the
plaintiff derive from being kept in ignorance until the term begins?
If the garnishee receives property of the defendant at any time
while the case is pending, the plaintiff can demand another answer.
And if the garnishee is allowed time to answer after the term, he
must include subsequent receipts.    *Shattuck* v. *Smith,* 16 Vt. 132.
The word "within," as.used in this statute, means, before. *Levert* v.
*Read,* 54 Ala. 529 ; *Lawrance* v. *Fussell,* 77 Penn. St. 460 ; *Young*
v. *The Orpheus,* 119 Mass. 179.  In any event, the answer was not a
nullity, and if further information was required time should have
been allowed for the garnishee to afford it.    It purported to answer
the whole case and could not be stricken out.    *Fox* v. *Hilliard,* 35
Miss. 160.    The spirit of the law has been violated in this case
and the judgment cannot be sustained.

*Miller & Hirsh,* for the appellees.

Section 2444 of the Code provides that, in all cases, a garnishee
shall answer within the first three days of the term, unless further
time be granted.    Section 2442 provides that he shall be cited to
answer what he owes the defendant, and what he was indebted to
him when summoned.    Section 2446 provides that if the garnishee
fails to discover as directed the court shall enter judgment against
him.    It follows that the garnishment stands as a declaration that
the garnishee is indebted to the defendant covering the time from
service to the return day.  To say that he owed nothing when served
is as bad a plea as to reply that he owes nothing at the return day.
Both dates must be embraced, with the intervening period.  · No
irregularity is in the proceeding in this case.    The judgment was
properly taken in the manner pursued because of the 'garnishee's
failure to answer up to the commencement of the term.    If a writ
of garnishment does not bind what may become due to the defendant
after the date of the service or up to the return term, then in case of
a debt depending upon the completion of a particular employment or
performance of an entire contract, it could not be reached unless the
garnishment should be served at the very instant the defendant
might be entitled to claim it.    The plain reading of the statute,
however, requires a full disclosure of accounts between the defend-

ant and the garnishee for all the intervening time between service of the writ and its return day. The garnishee, therefore, cannot by answering immediately before the defendant's demand against him becomes due, cut off the plaintiffs' right to subject the debt. If the plaintiffs were entitled to have the garnishee's answer up to the return day, whether it was then indebted, the failure to make answer entitled the plaintiffs to judgment. Legally speaking, the garnishee disregarded the garnishment. Although summoned, it made no reply to the writ. The paper filed by the appellant was a nullity, which the plaintiffs were not required to regard. A failure to answer the writ is the case presented, and questions about time for amending an imperfect answer do not arise.

Chalmers, J., delivered the opinion of the court.

Section 2444, of the Code of 1880, in providing that a garnishee shall answer within the first three days of the term, simply means that he shall answer by that time; that is to say, that he must answer before the close of the third day. It does not preclude him from answering before the term begins. If he does so answer it is a perfectly good answer and cannot be stricken out. *Young* v. *The Orpheus*, 119 Mass. 179. It is true that the service of the writ binds any money belonging to the defendant that he may receive between the time of service and the return day of the writ (Code 1880, § 2442), so that if the plaintiff desires a disclosure on this subject he may call for a fuller answer, but in such case a reasonable time must be given for amending the answer, even if it necessitates a continuance of the case. Such time was not here given.

*Judgment reversed.*