ILLINOIS CENTRAL RAILROAD COMPANY v. ELIJAH M. BADLEY.

[49 South. 114.]

GARNISHMENT. *Exemption suggested. Claimant.*

Where a garnishee has suggested that the debt due from him is claimed by the defendant as being exempt from liability to his creditors, under Code 1906, § 2346, authorizing such procedure, the court can take no further steps in the case until the process required by the statute has been served on defendant, and a judgment awarding the funds to a claimant before the service of such process is erroneous.

FROM the circuit court, of, second district, Yalobusha county. HON. SAMUEL C. COOK, Judge.

One Fletcher was plaintiff in the court below; he sued out an attachment against one Vernon, a nonresident, and garnished the railroad company, appellant. The garnishee answered admitting an indebtedness of $63 due Vernon, but suggested, under Code 1906, § 2346, that the debtor claimed the sum as exempt, the same being due him as wages due a laborer. Badley, the appellee, interposed a claim to the fund as being due to him and not to Vernon. The court below, without issuing process for the defendant, awarded the sum admitted to be due by the railroad company to the claimant, Badley, and rendered judgment in his favor against the garnishee for the full sum admitted by the answer. From this judgment the railroad company, garnishee, appealed to the supreme court.

*Mayes & Longstreet,* for appellant.

The appellant's sole desire in this case is that when it pays the money over into court it shall get good acquittance of itself from further liability. The record, as made up by Badley, the appellee in this case, is insufficient, and a judgment in his favor against appellant is void upon its face, and his receipt to

appellant for the money would be of no value.  Badley, when he came into court and propounded his claim, failed to see to it that an issue was made up with the original debtor, Vernon, the defendant in the attachment proceedings, to determine the question whether Badley did or did not hold a valid assignment.

The present attitude of things is that a judgment has been rendered appropriating to a claimant the indebtedness of the railroad company to the defendant in attachment, without any notice to him of the claim.  The attachment was for an indebtedness due to one Fletcher.  It might well be that the defendant in attachment would not care to controvert this debt or care to defeat the appropriation of so much of his wages as might be necessary to the payment of that debt.  The sum of $25 was all that he was sued for.  Defendant seems to have made default, and this most likely because he did not object to paying that sum to plaintiff, but instead of a judgment being rendered for $25 and costs one is rendered condemning the entire debt of the appellant to him, and directing it to be paid, not to the attaching creditor, but to the appellee, Badley.

The whole proceeding is statutory and the statute has not been followed.

*Kimmons & Kimmons,* for appellee.

This case was submitted to the court, a jury being waived, the evidence was heard, and on that evidence the court below held the claimant to be entitled to a judgment.  Under the circumstances, the action of the court will be presumed to have been correct.

Code 1906, §§ 2351–2352, gives the court the right to try the cause and dispose of the fund in controversy.  The only contention by the garnishee in the court below was that the court should have suspended proceedings in order to have a summons issued for the defendant, Vernon, to appear and claim his exemption in accordance with Code 1906, § 2346.

Code 1906, § 2346, is applicable only where a third party

claims the garnished money by assignment of the fund.   The defendant, Vernon, could assign his money whether it was exempt or not; and as he has assigned the money to Badley, Badley was entitled to a judgment.

It surely cannot be true that this court will permit a garnishee to force a person into the court below to litigate with others, then tie his hands so that no suit could be brought by him, and, when his rights to the money are clearly established, declare that he should not be entitled to a judgment for the money.

FLETCHER, J., delivered the opinion of the court.

One Fletcher sued out an attachment against Romer Vernon, seeking to collect an indebtedness of $25, and by proper averments had the appellant railroad company summoned as garnishee.   The railroad company answered, and admitted an indebtedness of $63.17, but suggested that Vernon would probably claim this money as exempt.   The company further suggested that appellee, Badley, claimed the money under an assignment.   Upon the filing of this answer, Badley appeared and claimed the fund.   No summons was ever issued to Vernon, nor was he ever notified in any way of the pendency of the proceeding.   Fletcher seems to have abandoned his suit entirely, and the court thereupon rendered judgment against the garnishee in favor of the claimant Badley for the full amount of the indebtedness admitted.   The railroad company prosecutes this appeal, insisting that the judgment rendered affords the garnishee no protection against a subsequent demand by Vernon, who has never been summoned as the law directs

Section 2346 of the Code of 1906 provides: "Any garnishee who answers admitting an indebtedness, or the possession of property due or belonging to the defendant, may show by his answer that he is advised and believes that the defendant does or will claim the debt or property, or some part thereof, as exempt from garnishment, levy or sale; and, upon the filing of

such answer, the clerk or justice of the peace shall issue a summons or make publication, if defendant be shown by oath to be absent from the state, for the defendant, notifying him of the garnishment and the answer, and requiring him to assert his right to the exemption. Proceedings against the garnishee shall be stayed until the question of the debtor's right to the exemption be determined. If the defendant fail to appear, judgment by default may be taken against him, adjudging that he is not entitled to the property or debt as exempt; but if he appear, the court shall, on his motion, cause an issue to be made up and tried between him and the plaintiff." The exemption was duly suggested, and the court was without power to proceed in this cause until a summons had issued notifying the suggested exemptionist of the garnishment proceeding and requiring him to assert his right.

*Reversed and remanded.*