HOWELL v. MOSS POINT FURNITURE CO. *et al.**

(Division B. Oct. 27, 1924.)

[101 So. 559. No. 24197.]

1. GARNISHMENT. *Proper proceeding where exemption suggested in garnishment proceedings to which judgment debtor not party, stated.*

   Where an exemption has been duly suggested in a garnishment proceeding to which the judgment debtor is not a party, the proceedings against the garnishee should be stayed, and a summons issued notifying the suggested exemptionist of the garnishment and requiring him to assert his right to the exemption, as provided by section 2346, Code of 1906; section 1941, Hemingway's Code.

2. GARNISHMENT. *Promise to loan judgment debtor money at future date held not debt due latter or property in hands of promisor subject to garnishment.*

   A mere promise to loan a judgment debtor a sum of money at some future date does not create a debt due the judgment debtor, or constitute property or effects in the hands of the promisor belonging to the judgment debtor, which may be subjected to garnishment.

*Headnotes 1. Garnishment, 28 C. J., sections 448, 414; 2. Garnishment, 28 C. J., section 46.

APPEAL from circuit court of Jackson county.

HON. D. M. GRAHAM, Judge.

Proceedings by James C. Howell against the Moss Point Furniture Company and others. From the judg-

ment rendered, the former appeals.    Reversed and remanded.

*White & Ford,* for appellant.

It will be noted that the answer of the Moss Point Furniture Company, one of the garnishees, as originally filed, admitted an indebtedness of fifty dollars to W. C. Hill, defendant in garnishment.    Plaintiff, who is appellant here, was of course entitled to a judgment for fifty dollars on the answer as filed, no claim for exemption being suggested by the garnishee nor asserted by any alleged exemptionist.    The answer was contested as not being a full disclosure of the indebtedness, and, as we shall presently argue, it was shown that the disclosure was not complete.    At the conclusion of the testimony offered by appellant, a motion was made and sustained to dismiss the case, as we have already shown.    The court will bear in mind that at this stage of the proceeding, plaintiff was absolutely entitled to a judgment of fifty dollars at any rate.    After the motion for dismissal, and a peremptory instruction had been sustained, a motion to amend the answer so as to suggest an exemption was made and sustained over appellant's objection.

We insist that the trial court erred, first, in sustaining the motion to grant a peremptory instruction, and erred further in permitting an amendment to the answer after the motion had been ruled on, and erred the third time when it granted the peremptory instruction, dismissing the case without (a) awarding judgment for fifty dollars, or (b) summoning the garnishee.

Manifestly the court erred in the first instance in sustaining a motion for a peremptory instruction, because the answer as it then stood admitted the indebtedness of fifty dollars and claim for exemption was suggested. Having decided the case, it had no right to permit the amendment.    Furthermore, it was wrong to dismiss the case after permitting the amendment, because the alleged

exemptionist either should have been interpleaded as required by the statute so he could propound his claim to the exemption, or he must be considered as having waived the claim of exemption. The record shows that he was present in court and he made no claim. If it be held that he waived the claim to exemption then appellant should have been awarded a judgment for fifty dollars, the amount shown to be due for July salary, and this court should correct the error by giving judgment for that amount here. Section 2346, Code 1906. *Railroad Company* v. *Bradley*, 94 Miss. 437.

The case certainly ought not to have been dismissed peremptorily, and the court will bear in mind all of this was done over the objection of appellant. Our contention is, however, that judgment should be entered in the supreme court in favor of appellant for fifty dollars on this phase of the case, because W. C. Hill, being in court, waived his claim to exemption. On this point see *Sturges* v. *Jackson*, 88 Miss. 508. The court erred in sustaining objection to the questions propounded to witness John H. Hill. The case should have gone to the jury.

The question arises on the showing that the Moss Point Furniture Company, one of the garnishees, paid the sum of two hundred eight dollars for the account of W. C. Hill after the writ of garnishment was served and before the answer was filed, that is to say, paid this sum on July 23rd. The question then is, did the arrangement between W. C. Hill and the garnishee for the loan of this money constitute a debt, property or effect belonging to defendant? If so, it was plainly liable to appellant's judgment, and should have been applied thereto, and the fact that it was paid to Krebs would not alter the situation.

The garnishee, under sections 2342 and 2343, Code 1906, is required to answer as to property, effects and debts of the defendant. Look at sections 1591 and 1593 to find Property defined. See also Bouvier's Law Dictionary, Vol. 1, page 786, Debt defined. 2 Words & Phrases, 1864.

136 Miss.—26.

The word "effect" is defined in 3 Words and Phrases, page 2320.

Under these definitions, we respectfully submit that this promise on the part of the garnishee to lend W. C. Hill a definite sum and consummated by the furnishing of money which was already in the possession of the garnishee and under the control of Hill, constituted either a debt, effect or property of said W. C. Hill.

The test of whether the garnishee has anything of the defendant garnishable is stated in 28 C. J. 93. We have not been able to find any decision exactly like this in point of fact, but in principle *Red* v. *Powers,* 69 Miss. 242, seems to be applicable. See, also, *V. & M. R. R. Co.* v. *Phillips,* 64 Miss. 108.

*Denny & Heidelberg,* for appellee.

By the amended answer of the Moss Point Furniture Company there was an admission of an indebtedness of fifty dollars for the July salary due by the Moss Point Furniture Company to W. C. Hill, and also a suggestion that W. C. Hill was entitled to said exemption. And as has been repeatedly held by our courts, exemptions are highly favored in the law, and upon the court having allowed this amendment to be made at the time that it was, and the defendant being present in court stated in his testimony that he was entitled to such exemption, we cannot see any error in the court allowing the amendment to be made as it was, and directing the verdict.

Counsel for appellant contend that on account of the payment of the amount of two hundred eight dollars to Krebs or the holder of the mortgage upon the home of the defendant, W. C. Hill, two days after the service of the writ of garnishment upon the Moss Point Furniture Company, and on account of the further fact that W. C. Hill had stated to J. H. Hill, Jr., the sole and only stockholder of the Moss Point Furniture Company, that he, W. C. Hill, would need this money, and that because J. H. Hill, Jr.,

authorized W. C. Hill to overdraw his account to that
extent, that thereby the (Moss Point Furniture Company
could not pay the money to Krebs, but on the contrary it
was bound on account of the judgment debtor, W. C. Hill,
and that the same was liable under the garnishment pro-
ceedings.   The rule is stated in 12 R. C. L. 778.   *Whitney*
v. *Monroe,* 19 Me. 42, 36 Am. Dec. 732.

The mere promise or agreement of the Moss Point
Furniture Company ·to allow W. C. Hill to overdraw his
account did not constitute or make the Moss Point Furni-
ture Company have in its possession any ·property or ef-
fects of the judgment debtor, W. C. Hill, and unless the
Moss Point Furniture Company had in its possession, or
under its control some of the property or effects of W.
C. Hill we are unable to understand how in any way or
by what line of reasoning the contention could be made
that the two hundred eight dollars of the Moss Point
Furniture Company's money that it allowed W. C. Hill
to overdraw his account could be considered as the prop-
erty of the judgment debtor, W. C. Hill.   *V. & M. R. R.
Company* v. *Phillips,* 64 Miss. 108, cited by appellant is
not in point here, because in that case the note in ques-
tion had been given by the Railroad Company some years
before, and was clearly an outstanding obligation of the
Railroad Company given for valuable consideration, that
the Railroad Company was bound to recognize, and there
is a vast difference between this outstanding obligation
in the form of a written instrument acknowledging the
indebtedness with the promise to pay from the case at
bar, because in the case at bar the garnishee, Moss Point
Furniture Company, had only promised that upon the
date that W. C. Hill would need the money in question
that he could overdraw his account with the Moss Point
Furniture Company to that extent.

Viewing the record as a whole it appears to us that
there is no error therein.

*White & Ford,* for appellant, in reply.

As already pointed out, this court held in the case of *Sturges* v. *Jackson,* 88 Miss. —, that exemptions could be waived and where the exemptionist was in court, and knew of the proceeding, and did not contest the garnishment, he must be deemed to have waived the exemption. In this case, it was not shown that Hill was entitled to any exemption in the first place, and moreover he was in court and testified as a witness, but made no claim to the fifty dollars as being exempt. Certainly under these circumstances he must be deemed to have waived his claim to the money.

Counsel for appellee next discuss the contention made by appellant that the two hundred eight dollars paid to Krebs by the Moss Point Furniture Company, for the account of Hill, defendant, after the writ of garnishment was served, is liable to plaintiff's judgment. The only authority cited is the general rule in 12 Ruling Case Law, page 1278, and the case of *Whitney* v. *Monroe,* 19 Maine. The authorities cited in appellant's brief are not discussed. We fail to see how appellee can hope to escape a judgment against it for the two hundred eight dollars paid to Krebs. According to the admitted facts the situation was this: W. C. Hill, defendant in garnishment, owed John F. Krebs a sum of money; the Moss Point Furniture Company agreed with W. C. Hill that it would lend him the money with which to pay Krebs; before the money was paid to Krebs, the Moss Point Furniture Company was garnished, and after this writ was served, but before answer, it paid to Krebs the two hundred eight dollars loan that it had agreed to make. In this state of the case, what were the relations between the garnishee and W. C. Hill, defendant? We have tried to show that the language of the garnishment statute is broad enough to cover any sort of debt, property, belongings, goods or chattels, and would therefore cover a situation of this sort. Clearly the situation presents a case of one agreeing to loan another money and the question that arises,

is, whether such a promise is actionable or does it con-stitute debt, property, goods, or belongings, as used in the statute.

We find that a breach of a promise to lend money is actionable, as stated in 3 Elliott on Contracts, section 2209. Sometimes, special damages may be recovered for such breach. *Murphy* v. *Hanna,* 37 N. D. 156, 164 N. W. 32; L. R. A. Vol. 1918B, 135. The following cases seem very much like the case here in principle. *Moeller* v. *Quarrier,* 14 Ill. (4 Peck) 280; *Sabin* v. *Cooper,* 81 Miss. (15 Gray) 532; *Wart-Harley-Holmes Hardware Co.* v. *Day,* 57 S. E. 1033, 1 Ga. App. 646; 28 C. J. 93-183.

COOK, J., delivered the opinion of the court.

The appellant, James C. Howell, recovered a judgment against W. C. Hill in the circuit court of Jackson county, and thereafter had a writ of garnishment issued under this judgment against one J. H. Hill and the Moss Point Furniture Company, garnishees, returnable to the August, 1923, term of the circuit court. On August 6, 1923, answers were filed by the garnishees, the answer of the garnishee J. H. Hill denying any indebtedness whatever, while that of the furniture company admitted an indebtedness at the time of the service of the writ of fifty dollars for salary due the defendant W. C. Hill for the month of July, 1923. The answers of the two garnishees were contested by the appellant, and issue was joined on these contests. At the conclusion of the testimony offered by the appellant, the garnishees made a motion for a peremptory instruction, and the court announced that this motion would be sustained. Thereupon the garnishee, Moss Point Furniture Company, asked leave to be permitted to amend its answer so as to show that it was advised and believed that the defendant claimed the fifty dollars salary admitted to be due as exempt from garnishment. Over the objection of the appellant, the court permitted this amendment to be made, and thereupon

sustained the motion to exclude the testimony and grant a peremptory instruction for the garnishees, and from the judgment entered in pursuance of this peremptory instruction, this appeal was prosecuted.

From the testimony offered by the appellant it appears that prior to 1921 the defendant W. C. Hill was a stockholder of the Moss Point Furniture Company, and was the manager of this company. This company became heavily involved in debt, and in February, 1921, a short time before the rendition of the original judgment in favor of the appellant and against W. C. Hill, the garnishee, J. H. Hill, a brother of W. C. Hill, took over the business by purchasing all the stock of the company. The two Hills testified that it was agreed between them, at the time of the purchase of this stock by J. H. Hill, that W. C. Hill would continue as manager of the concern at a salary of six hundred dollars per year until certain debts of the company had been paid off and the business placed on a sound financial basis, and that when this had been accomplished the salary would be increased; that on account of the small salary paid him it sometimes became necessary for him to overdraw his account to meet his monthly bills; and that J. H. Hill agreed that he might overdraw his account to this extent. They further testified that a few weeks before the issuance of the writ of garnishment J. H. Hill agreed with W. C. Hill that he might overdraw his account to the extent of two hundred eight dollars for the purpose of paying off the balance due on a mortgage on the home of W. C. Hill, and that two days after the service of the writ of garnishment W. C. Hill, did overdraw his account with the Moss Point Furniture Company for that purpose.

The assignments argued by appellant may be summarized as follows:

First, that the court erred in permitting the amendment to the answer of the garnishee, Moss Point Furniture Company, after the testimony for the appellant had

been closed and the court had indicated a purpose to sustain a motion to exclude this testimony.

Second, that the court erred in granting a peremptory instruction for the garnishees as to the fifty dollars salary admitted to be due the judgment debtor, W. C. Hill; the contention of the appellant being first that the court should have directed a verdict for appellant for this sum, but, if wrong in that contention, that the court should have directed that the proceedings against the garnishees be suspended until a summons had issued requiring the suggested exemptionist to assert his right to the exemption if he desired to do so.

Third, that the arrangement between W. C. Hill and the garnishee, J. H. Hill, under which W. C. Hill was authorized to overdraw his account with the Moss Point Furniture Company for the particular purpose of paying off a mortgage on his home constituted a debt, or property or effects belonging to the judgment debtor, W. C. Hill.

Under our statutes and practice, amendments are very liberally allowed, and we do not think there was any error in permitting the garnishee to amend its answer so as to suggest the exemption; but it was error to grant the peremptory instruction on the answer which admitted an indebtedness of fifty dollars and for which no claim of exemption had been interposed by the judgment debtor. However, the contention of the appellant that the judgment debtor must be held to have waived his claim of exemption by reason of the fact that he had been present in court as a witness for appellant and had filed no claim of exemption cannot be maintained. It is true that it has been held by this court that the exemption of wages is a benefit which the debtor may voluntarily waive, and that it is his duty to contest the claim of the plaintiff to the property or debt and assert his right of exemption, if he desires to claim it (*Sturges* v. *Jackson*, 88 Miss. 508, 40 So. 547, 6 L. R. A. [N. S.] 491, 117 Am. St. Rep. 754),

but the failure of a judgment debtor to assert his right of exemption cannot be held to be a waiver of the right unless the judgment debtor is in court as a party to the garnishment proceedings or has been made a party by a compliance with the statutory requirements. In the case at bar the judgment debtor was in no sense a party to the proceedings, and when the exemption was duly suggested, the proceedings against the garnishee should have been stayed, and a summons issued notifying the suggested exemptionist of the garnishment and requiring him to assert his right to the exemption. Code of 1906, section 2346; Hemingway's Code, section 1941; *Railroad Co.* v. *Badley,* 94 Miss. 437, 49 So. 114.

Did the arrangement between W. C. Hill and the garnishee, J. H. Hill, whereby W. C. Hill was authorized to overdraw his account with the Moss Point Furniture Company for the particular purpose of paying off a mortgage on the home of the judgment debtor, constitute a debt due the judgment debtor, or property or effects in the hands of the furniture company, belonging to the judgment debtor and subject to the garnishment? We think this question must be answered in the negative. It was a mere promise to loan a sum of money at some future date, and so far as this record discloses the promise was not supported by any consideration, and it did not create any right of action in favor of the judgment debtor against either the Moss Point Furniture Company or J. H. Hill for the sum of two hundred eight dollars which J. H. Hill had promised to loan. In 28 Corpus Juris, p. 93, it is stated as the general rule that—"It is a general requisite of the right to hold a person as garnishee that, but for the garnishment, defendant would have a right of action against him, for defendant's own use."

Conceding that under some circumstances an injured party may recover damages for the breach of a contract to loan money, still the mere promise does not create a debt due the promisee, and in a suit for damages for a

breach of such a contract the measure of damages for the breach is not necessarily the amount of the promised loan. It is pure speculation as to what, if any, damage would have resulted from a breach of this contract to loan money to the judgment debtor, and the fact that he was able to consummate this loan after the service of the writ of garnishment did not render the amount of the loan subject to the garnishment.

For the error herein indicated, the judgment of the court below will be reversed, and the cause remanded.

*Reversed and remanded.*