BRONDUM *v.* ROSENBLUM.[*]

(Division B.  June 4, 1928.)

[117 So. 363.  No. 27233.]

*Corpus Juris-Cyc. References: Garnishment, 28CJ, p. 243, n. 34; p. 244, n. 50; p. 259, n. 97; p. 279, n. 71; p. 286, 47; For authorities passing on the question as to nature of liability of garnishee, see 12 R. C. L. 850; 7 R. C. L. Supp. 395.

*Ford, White, Graham & Gautier,* for appellant.

*Colmer & Herring,* for appellee.

Pack, J.  J. O. Brondum, appellant, obtained a judgment, growing out of an automobile accident, against Charles Rosenblum, in June, 1926. Appellant had been unable to collect his judgment, and on April 13, 1927, caused a writ of garnishment to issue on said judgment and to be served on H. Rosenblum, father of Charles Rosenblum, which writ was returnable before the circuit court on the 4th Monday of September, 1927.

The garnishee, the appellee herein, answered the writ, denying any indebtedness and with his answer filed what appellee terms "Notice of Special Matter under the General Issue." On the trial, this seems to have been treated as part of the answer. It reaffirms denial of any indebtedness due Charles Rosenblum, judgment debtor, and avers that Charles was indebted to the garnishee, as would be shown by sworn itemized statements attached thereto.

The answer further averred that said garnishee was doing a general dry goods business under the name of

"Rosenblums;" and that there was a mutual account existing between the father and the son, garnishee and judgment debtor, respectively, which arose by reason of the employment of Charles in said business.

It was further averred that Charles had, at all times, been indebted to the garnishee in a sum in excess of any indebtedness the garnishee might owe Charles. The answer also contained the averment:

"And if the garnishee herein is held to have been indebted to the said defendant, Charles Rosenblum, in any amount, he pleads the amount due by the said Charles Rosenblum as a set-off thereto, and suggests that the said Charles Rosenblum will probably claim any amount received by him, as exempt."

Appellant, owner of the judgment, filed a general traverse to garnishee's answer, denying the accuracy of the account filed as exhibit, and otherwise joined issue. After hearing the evidence, the trial judge granted a peremptory instruction, directing the jury to find for garnishee.

For error, it is assigned and argued: First, that, the answer having suggested the claim of exemption, the judgment debtor should have been brought in by notice to assert his claim, and that all proceedings should have been stayed pending a determination of that issue (section 2346, Code 1906 [section 2062, Hemingway's 1927 Code]); and, second, that the court erred in granting the peremptory instruction.

We do not think the first ground is an open question. It was settled by two announcements of this court. In *Howell* v. *Moss Point Furniture Co. et al.*, 136 Miss. 399, 101 So. 559, this court, speaking through Judge Cook, said:

"In the case at bar the judgment debtor was in no sense a party to the proceedings, and when the exemption was duly suggested, the proceedings against the garnishee should have been stayed, and a summons issued

notifying the suggested exemptionist of the garnishment and requiring him to assert his right to the exemption."

There, as here, the judgment debtor appeared as a witness, and while he might have waived exemption, such appearance was there held not to be a waiver. In *Illinois Cent. R. Co.* v. *Badley,* 94 Miss. 437, 49 So. 114, the court, through Judge FLETCHER, said:

"The exemption was duly suggested, and the court was without power to proceed in this cause until a summons had issued notifying the suggested exemptionist of the garnishment proceeding and requiring him to assert his right."

Appellee contends that only where the answer of garnishee "admits an indebtedness" is it required for the debtor to be brought in to assert his exemption. Conceding, for argument, the correctness of this contention, it nevertheless appears in the case at bar that the garnishee anticipated that the correctness of his answer would be challenged, or else the answer would not have suggested the exemption; and having himself made the suggestion, we think it was incumbent on the court to have the debtor assert his claim. A statement filed as exhibit to the answer shows that Charles Rosenblum, judgment debtor, was earning a salary of one hundred dollars per month. If the statutory exemption to a married man was to be claimed, as suggested in the answer, this issue should have been first made up and disposed of.

The relation of the garnishee to the parties is well defined by the authorities. He stands as a mere stakeholder, and must not voluntarily do anything to the prejudice of the parties. He must let the law take its course, except he may protect himself from unauthorized acts and proceedings. 12 R. C. L. 850, section 92, 28 C. J. 259.

Service of the writ of garnishment binds any money belonging to the defendant that garnishee may receive

between the date of service and the return day of the writ. *Columbus Insurance Co.* v. *Hirsh et al.*, 61 Miss. 74; *Fearing* v. *Shafner*, 62 Miss. 791.

It appears from the record that the debtor, Charles Rosenblum, was in exclusive charge of the store and kept the books. He testified that he drew his full salary of one hundred dollars per month in cash, or its equivalent, from April 13 to August 5, 1927, dates of service and return day of the writ. At other places in the record, he disputes this, but the books kept by him strongly indicate this to be true. If the garnishee paid or permitted him to draw his full salary after service of the writ, the garnishee would be liable for said payments, and certainly, if in excess of the legal exemption, if any, of debtor.

The garnishee claims, and would have, the right to set off any debt the judgment debtor might be due him, but it must be actually applied to garnishee's debt; and if not applied, but is paid to the debtor, such payment would be at the peril of garnishee. *Prudential Trust Co.* v. *Merchants' National Bank,* 66 Or. 224, 133 P. 1191; *Trottier* v. *Foley,* 42 R. I. 422, 108 A. 498; *Paisley* v. *Park Fireproof Storage Co.,* 222 Ill. App. 96.

Appellee relies upon the rule announced in *Packard Motor Co.* v. *Tally,* 212 Ala. 487, 103 So. 455, where the employee was permitted, by agreement with the employer, to draw his wages in advance, and for this reason it was held free from garnishment. The facts are different here. Young Rosenblum was employed at a fixed monthly salary and permitted to draw the same just as he desired.

Whether the indebtedness claimed to be due the garnishee was *bona fide* is challenged by the appellant. We think the proof on this issue was in conflict. The statement filed with the pleadings does not fully accord with the books introduced in evidence, and the explanation given by garnishee and debtor is much beclouded.

We think there was such conflict in the evidence as would make it necessary for submission to the jury, and, for the reasons indicated herein, the judgment of the court below will be reversed and remanded.

*Reversed and remanded.*