DECORATIVE FURNITURE FRAME CORPORATION, Plaintiff, *v.* STRAND ART PERIOD FURNITURE CO., INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, June 7, 1932.

*Murray R. Paris*, for the plaintiff.

*David G. Stember*, for the defendant.

LEWIS, DAVID C., J.  In an action based on the failure and refusal of an employer to recognize and comply with an execution against the wages of an employee (duly issued out of this court), the court awarded judgment for an amount computed upon the earnings of the employee up to the time of trial.  The defendant now submits that the recovery must be limited to a period up to the time of the commencement of the action.

One likes to believe that this is a day for judicial discouragement of unnecessary litigation, or of technical impediments to as complete a determination of a controversy before the court as can be had, commensurate with the proof and consonant with the law.  Why should a plaintiff be compelled to start repeated actions simply to recover additional damages resting upon the same legal basis when the proof is before the court and when, if necessary, by amendment or supplemental pleading the claim could actually be incorporated within the stated issues?  There may be a conflict of authorities, but one leans to the opinion that in actions of this type the

better course to pursue would be to compute the amount of damages as established by the evidence up to the time of trial.

But while this may all be true, I am reminded of the fact that the appellate court has ruled to the contrary, holding that the recovery should be limited to the period elapsing between the service of the garnishee execution, and the commencement of the action.

Readily but reluctantly I bow to *stare decisis.* The defendant's motion is, therefore, granted. Settle order.