PEOPLES BANK *v.* GORE.

(Division A. Feb. 22, 1937.)

[172 So. 506. No. 32427.]

Kermit R. Cofer, of Water Valley, for appellant.

Creekmore, Creekmore & Capers, of Jackson, for appellee.

Smith, C. J., delivered the opinion of the court.

The appellant sued the appellee, Gore and others, in the court below and obtained a decree against Gore for the sum of $1,000. Thereafter, a writ of garnishment was issued and served on the Merchants Grocery Company on April 26, 1935, returnable on October 28, 1935. The garnishee answered, denying that it was indebted to Gore; that it had any of his effects in its possession, and that it knew of any person who was indebted to him, or had any of his effects in possession. This answer was contested, and Gore also appeared and claimed his exemption of $50 per month under paragraph 10 (a) of

section 1755, Code 1930 (as amended by Laws 1932, chapter 138).

The evidence disclosed that prior to May 16, 1935, Gore was employed by the garnishee at a salary of $185 per month, and on May 16th, a new contract was entered into by him which sets forth that Gore was unwilling to continue in the garnishee's employment "unless his salary is paid weekly in advance," and provides that "the same is hereby fixed at the sum of $46.25 per week, payable in advance weekly on Monday of each week, and the Secretary-Treasurer is hereby authorized and directed to pay the salary of said T. O. Gore in the said sum weekly in advance." The payments made to Gore by the garnishee under this contract will be hereafter set forth.

At the time the writ of garnishment was served, Gore was indebted to the garnishee in an amount exceeding the appellant's judgment against him, and was so indebted when the decree against the garnishee was rendered, which indebtedness the garnishee claims the right to set off against any indebtedness it may otherwise owe him. The only debt, if any, which the evidence discloses to be due by the garnishee to Gore was the salary which it owed Gore under his contract of employment. All of Gore's salary was paid by the garnishee to him, and none of it was applied to the indebtedness due it by Gore, consequently the claimed offset cannot be allowed. Brondum v. Rosenblum, 151 Miss. 91, 117 So. 363, and 28 C. J. 283.

The court below awarded a decree against the garnishee of $87, being for salary due to Gore by the garnishee prior to May 16th, less his statutory exemption. The appellant says that the decree should have been for the full amount of Gore's salary that accrued before the return day of the writ of garnishment.

This brings us to the payments made to Gore by the garnishee after the contract entered into between them on May 16th. The garnishee claims to have paid Gore's salary weekly in advance under the terms of its contract with him, and therefore, after May 16, 1935, it was not liable to account to the appellant therefor.

If the factual element of this contention is true, i. e., the payment to Gore of his weekly salary in advance, the contention is well taken, 28 C. J. 172, and the authorities there cited, the reason for the rule being there set forth after the citation of authorities in comment (a).

This is true, though as here, the contract for the payment in advance was made after the service of the writ of garnishment, there being "no evidence of fraud other than the desire of the employee, known and indulged by the employer, to avoid garnishment." 28 C. J. 173.

While there is authority to the contrary, we think this rule is the one that should be applied. In so far as the appellant is concerned, Gore had the right to discontinue his service for the garnishee after the service of the writ of garnishment, and had he so done, nothing would thereafter have become due to him by the garnishee, consequently no right of the appellant was violated when he agreed to continue in the garnishee's employment, provided his salary was paid in advance.

In order for salary of an employee to be free from a garnishment against his employer, it must be paid in accordance with a contract for advance payment thereof, that is, on or before the day on which the payment is due. If not paid on or before that day, the salary thereafter earned for the period that would have been covered by the advance payment is subject to garnishment. 28 C. J. 172; Gray v. Perry Hardware Co., 111 Ala. 532, 20 So. 368; and Archer v. People's Sav. Bank, 88 Ala. 249, 7 So. 53.

The garnishee did not pay Gore his salary strictly in accordance with its contract to pay him on each Monday the salary that would become due for that week, but made payments to him as and when he desired it to do so. For instance, the advance weekly payments were due under Gore's contract on Monday, May 20, 1935, and on each Monday thereafter, and payments made to him for the first two months were as follows:

| On May | 21, | 1935 | $ 24.22 |
|--------|-----|------|---------|
| " " | 27, | " | 17.60 |
| " " | 31, | " | 16.13 |
| " June | 4, | " | 117.62 |
| " " | 10, | " | 71.37 |
| " " | 13, | " | 2.20 |
| " " | 19, | " | 27.25 |
| " " | 24, | " | 12.60. |

No payment having been made to Gore on May 20, 1935, his salary for that week became subject to the garnishment. The payment for the second Monday, May 27, being for only $17.60, the difference between that sum and $46.25 then due Gore became subject to garnishment, unless the $24.22 paid him on May 21st should be applied as an advance payment of his salary to become due on May 27th, in which event $4.37 of Gore's salary for the week then beginning became subject to the garnishment.

On the third Monday, June 3d, nothing was paid Gore, so his salary for the week then beginning became subject to the garnishment, unless the $16.13 paid him on May 31st should be applied thereto, in which event $30.12 became subject to the garnishment.

Nothing was paid Gore on the fourth Monday, June 10th, so that his salary for the week then beginning also became subject to the garnishment, unless the payment of $117.62 on June 4th, should be applied thereto, in which event nothing for that week became subject to the

garnishment, but, on the contrary, he was overpaid for that week in the sum of $71.37.

Nothing was paid him on the fifth Monday, June 17th, so that his salary for the week then beginning became subject to the garnishment, unless the $71.37 overpaid him the week before, together with the $2.20 paid him on June 13th, should be applied to his salary for that week, in which event there would be an overpayment to him of $27.32, and so on through the payments made before the return time of the writ of garnishment.

No application of these payments was made by either Gore or the garnishee, so that it became the duty of the court below to apply them, i. e., to determine whether the payments to Gore in any week after Monday thereof should be applied to salary theretofore earned, but not paid, or to the salary to be earned the next week.

In this state, where neither party applies payments, which they could have applied, to one of several debts due by the payer to the payee, the court applies the payments most beneficially to the debtor, the person who paid the money. Hamer v. Kirkwood, 25 Miss. 95; McLaughlin v. Green, 48 Miss. 175; Neal v. Allison, 50 Miss. 175, and Sunflower County v. Bank of Drew, 136 Miss. 191, 101 So. 192. Cf. 2 Restatement of Law of Contracts, secs. 387 and 394. In making an application of such payments, the court proceeds upon the assumption that the debtor intended the payments to be applied in the way which, at the time, was most to his advantage.

Had this question arisen in a litigation between Gore and his employer, the Merchants Grocery Company, involving the rights of no third person, these payments, in the absence of an application thereof by the parties thereto, would have been applied to the salary due Gore when the payments were made.

Two questions here arise that would not have there appeared: (1) The rights of a third person, Gore's

judgment creditor who claims under its writ of garnishment; and (2) one of the debts due to Gore arose after the payments were made. The rule for the application of payments where the rights of a third person are involved is thus stated in 2 Restatement of Law of Contracts, section 387, par. (c) as follows: "If neither the debtor nor creditor makes a seasonable manifestation of intention, as a just regard to its effect upon the debtor, the creditor and third persons, makes it desirable that it should be applied."

Under the contract with Gore, the garnishee had the right to pay him immediately after the contract was executed all the wages that would thereafter become due to him, and also, if it desired, to advance him any portion thereof which would thereafter become due. If the garnishee, when making these payments, had indicated to Gore that they were to be applied to future advance payments of his salary, the appellant would have had no cause for complaint, for the garnishee had the right so to do. If they should now be applied to the salary which Gore had earned when they were made, the garnishee would have paid Gore, but would nevertheless have to again pay the garnishee. It will be safe to assume that the garnishee did not intend to make these payments in such manner as to result in its being compelled to make them again payable by it to Gore's judgment creditor. If the court applies these payments as an advancement on the salary that Gore, under his contract, would thereafter earn, and which the garnishee was obligated to pay in advance, it would do only that which the garnishee had the right to have done, and which we must assume it would have done had its attention been called thereto. By so doing, no injustice will be done to the judgment creditor. On the other hand, should these payments not be so applied, the judgment creditor will be enriched at the expense of the garnishee. It would

seem, therefore, that in equity and good conscience, these payments should be applied as an advancement to Gore on the salary thereafter to be earned by him, for which the garnishee was obligated to pay him in advance. No difficulty arises from the fact that these payments were made before the garnishee was obligated by its contract with Gore to make them. That contract contemplated that Gore would continue in the garnishee's employment and earn the salary which it had agreed, and had the right, to pay him in advance. When so applied, it appears, according to a detailed statement thereof filed with the brief of counsel for appellee, which seems to be correct, that there became subject to the writ of garnishment for the week beginning May 20, 1935, $46.25; for the week beginning May 27, 1935, $4.37; for the week beginning June 3, 1935, $30.12; for the week beginning July 22, 1935, $18.11, and for the week beginning July 29, 1935, $4.89.

We come now to Gore's claim to the exemption of $50 per month, under section 1775, par. 10 (a), Code 1930 (as amended by Laws 1932, chapter 138), which reads as follows: "The following property shall be exempt from seizure under execution or attachment. . . . The wages of every laborer or person working for wages, being the head of a family, to the amount of fifty dollars per month; but this paragraph shall not apply to a debt for board and lodging or a judgment founded on a debt for board or lodging."

Gore's salary was $185 per month. Deducting $50 therefrom leaves $135 each month free from exemption, any portion of which, not paid in advance, became subject to the writ of garnishment.

An examination and application of the payments made him disclose that the portions of his salary hereinabove held to be subject to the writ of garnishment for each month were less than $135. Therefore, the garnishee is

entitled to no reduction because of Gore's $50 per month exemption.

It follows from the foregoing views that the court below should have added to its decree for $87 the aggregate of the amounts hereinbefore held to be subject to the writ of garnishment, consequently, its decree will be reversed and a decree rendered here in accordance with this opinion.

So ordered.

**McGowen, J.,** did not participate in the consideration or decision of this case.