MISSISSIPPI COTTONSEED PRODUCTS CO. *v.* CHAMPION.

(In Banc.   Oct. 28, 1946.)

[27 So. (2d) 684.   No. 36190.]

**Green & Green,** of Jackson, and **V. B. Montgomery,** of Belzoni, for appellant.

**R. Leon Bass**, of Belzoni, for appellee.

Argued orally by **Reynolds Cheney,** for appellant, and by **R. Leon Bass,** for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

This is a garnishment proceeding from the Circuit Court of Humphreys County, wherein appellee had recovered a judgment against Mr. and Mrs. J. R. Horne on February 5, 1945. The garnishee was the Humphreys County Oil Mill of Belzoni, which was the trade name for the oil mill business of appellant there. On February 21, 1945, appellee filed a suggestion for a writ of garnishment against the Humphreys County Oil Mill, which had been a Mississippi corporation, but which had ceased

to be a corporation in 1927, when it surrendered its charter and sold its properties to appellant. This writ was returnable to the July 1945 term of circuit court and was served by delivering a true copy thereof to H. E. Covington, as manager of the Humphreys County Oil Mill. Covington, as manager thereof, filed an answer, May 23, 1945, denying any indebtedness to the judgment debtor. Nothing further was done in connection with this writ of garnishment.

On June 29, 1945, another suggestion for a writ of garnishment was filed by appellee against the Humphreys County Oil Mill, which was served in the same manner as the former one on June 30, 1945, returnable to the February 1946 term of circuit court. No answer was filed to this latter writ. However, on January 28, 1946, appellant, Mississippi Cottonseed Products Company, a Delaware corporation, owning the Humphreys County Oil Mill, filed a motion to quash the latter writ, in which the court was asked "to quash this writ of garnishment and service thereof in this cause, and to enter the appearance of the Mississippi Cottonseed Products Company, a Delaware corporation, as a garnishee in this cause to July, 1946 term of the Circuit Court of Humphreys County, Mississippi, as if a writ of garnishment had been served on the Mississippi Cottonseed Products Company, a Delaware corporation, on the day of the order quashing said process and the service thereof in this cause." The grounds of the motion appear to be that the Humphreys County Oil Mill was not a corporation at the time of the service of the writ thereon, and that service on the same was illegal, and that the alleged manager of the Humphreys County Oil Mill was on the date of service manager of the Mississippi Cottonseed Products Company, appellant, and which had not been summoned or served with any process in the cause except to appear by the motion to quash. Appellee, in replication, denied the allegations of the motion and accompanying affidavit, and moved to dismiss the motion to quash. The court

overruled the motion to quash the process, and thereupon granted a judgment nisi against the Mississippi Cottonseed Products Company for the amount of appellee's judgment against the Hornes, judgment debtors, interest and costs, and also a writ of scire facias, returnable instanter, requiring appellant to show cause why final judgment should not be entered against "The Mississippi Cottonseed Products Company, a Delaware corporation, domiciled and doing business in Humphreys County, Mississippi." Immediately, the Mississippi Cottonseed Products Company moved the court to set aside the judgment nisi on the ground that the latter garnishment writ was served on the Humphreys County Oil Company and not on itself, and because it did not enter its appearance until the hearing of the motion to quash February 5, 1946; and on said date it was indebted to J. R. Horne in the amount of only $17.50 "even if the appearance is January 28, 1946, the date of the filing of the motion to quash." We are of the opinion that January 28, 1946, and not February 5, 1946, was the appearance date.

The motion to set aside the judgment nisi was overruled, and appellant answered the writ of scire facias giving several reasons why the judgment nisi should not be made final, among them that it could not be bound until and unless it had been served under the garnishment or appeared in court; and contended that no judgment could be rendered in said cause until the July, 1946 term of court; and that the effect of its filing a motion to quash was and could only have been its appearance as garnishee on February 5, 1945, and reiterating that between January 28, 1946, date of the filing of its motion to quash, and February 5, 1946, judgment debtor Horne was due from appellant only $17.50, and that the judgment should have been reduced to that amount. The court ruled against appellant here too, where—and upon appellee's motion—judgment final against appellant was rendered for $204.05. The Mississippi Cottonseed Products Com-

pany appealed and assigns as errors, the overruling of the motion to quash the garnishment writ; granting judgment nisi and refusing to set same aside, and in making same final, and awarding judgment against appellant for and prior to January 28, 1946.

It will thus be seen that until January 28, 1946, this appellant was not in court by any valid process upon it. No writ had been directed to or served upon appellant, Mississippi Cottonseed Products Company. However, on January 28, 1946, appellant voluntarily injected itself into the lawsuit, asking that it be substituted for the Humphreys County Oil Mill, and the case be continued to the July term 1946. There were six days between the filing of this motion to quash by appellant and the first day of the February term 1946, at which term the writ was returnable, and the question here arises, was the circuit court authorized under Section 1519, Code 1942, to enter any judgment at the February term 1946, since the parties had joined issue in a contest in the litigation? The section cited requires thirty-day service of process in the circuit court before a trial in a litigated case and judgment rendered at the term to which process was returnable. There are certain exceptions named in the statute, but garnishment is not one of them. Therefore, the court had no right to enter any final judgment on February 5, 1946, against appellant, because of this statute, and the circumstances of this case.

The entry of the motion by appellant on January 28, 1946, under Section 1881, Code 1942, if it had been sustained would have obtained for appellant only a continuance to the next term of court, at which time for the first time appellant could have been required to answer the writ of garnishment. This appearance, in our judgment, by this motion, was equivalent to valid service of a writ of garnishment here. Since the statute carried the case over on the sustaining of the motion to the next succeeding term of court, which was July, 1946, the first day of the next succeeding term of court was equivalent to the return day of a writ of garnishment, and hence

any money and effects belonging to the judgment debtor in the possession or under the control, or any salary due the judgment debtor within that period of time by the garnishee, would be bound to the appellee up to the amount of his demand. Section 2796, Code 1942; Peoples Bank v. Gore, 178 Miss. 216, 172 So. 506; Columbus Insurance & Banking Co. v. Hirsh et al., 61 Miss. 74; Brondium v. Rosenblum, 151 Miss. 91, 117 So. 363.

Appellant was therefore not in court at all under any proper theory of the case until January 28, 1946, when it voluntarily moved the court to quash the process on the Humphreys County Oil Mill and substitute itself as garnishee, which, if it had been sustained, would have secured merely a continuance to the next succeeding term of court. Gulf Coast Motor Express Co., Inc., v. Diggs, 174 Miss. 650, 165 So. 292. The trial court overruled the motion to quash, but permitted appellant to come in and wage the contest herein. Since the trial court erred in overruling said motion to quash, and should have sustained it, we are constrained to reverse the case. In our judgment, as stated, the motion to quash was the effective appearance by appellant in court, equivalent to service of process on the defendant January 28, 1946, and no final judgment could properly have been rendered between that date against the garnishee and the next succeeding term of court, the first Monday in July, 1946, to which term the filing of the motion carried the case; which was equivalent, therefore, to the return day of a writ of garnishment. We do not know what amount, or effects, or obligations, may have been in the possession or control, or due by appellant, to the judgment debtor, Mr. Horne, during that period of time, and on January 28, 1946. The case is reversed and remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.

**Sydney Smith, C. J.,** took no part in this decision.