E. D. Russ, Respondent, *v.* Victor Bourn, Appellant.

County Court, Chenango County, January 11, 1954.

*Howard Carver Fell* for appellant.

*C. Vernon Stratton* for respondent.

Barnes, J. This appeal raises just one question arising out of the following facts: The defendant was employed by the plaintiff; a garnishee execution was served upon the plaintiff requiring him to take out a percentage of the wages from the defendant's pay. This he did *not* do. Thereafter the defendant severed his employment; the plaintiff was compelled to pay the amount which he should have deducted and the question is raised: Can he sue the defendant for the amount which he failed to deduct? No explanation is before the court as to why the

plaintiff failed to withhold the percentage of the wages, but merely the fact that plaintiff and defendant had a talk about it so that each knew that the garnishee had been served and that plaintiff was not withholding the garnishee percentage.

The plaintiff was legally compelled to pay the proper amount which should have been withheld regardless of whether or not it was withheld. (*Smith* v. *Endicott-Johnson Corp.*, 199 App. Div. 194, affd. 234 N. Y. 628; *Decorative Furniture Frame Corp.* v. *Strand Art Period Furniture Co.*, 144 Misc. 1.)

The first thought is the question of unjust enrichment under the equitable principle '' that a person shall not be allowed to enrich himself unjustly at the expense of another ''. The principle is further defined as follows: '' Thus, if one man has obtained money from another, through the medium of oppression, imposition, extortion, or deceit, or by the commission of a trespass, such money may be recovered back, for the *law* implies a promise from the wrong-doer to restore it to the rightful owner, although it is obvious that this is the very opposite of his intention.'' (*Miller* v. *Schloss*, 218 N. Y. 400, 408.) In the present case the employee did nothing wrongful under the definition as set out by the Court of Appeals above.

The present law relating to collections of judgments by garnishees was enacted for the purpose of permitting a gradual collection of a judgment from a working man, and to prevent the seizure of the entire wages of such employee at one time. It was passed to ease the hardship occasioned by the seizure of an employee's entire wages: A social measure. My attention is not called to any precedents in New York State but in other States it has been held that an employer could not pay over the full wages for a period of time and then take out the whole sum from an employee's current wages and when the employer had not taken out the proper wages from week to week, and the employment is terminated, he could not offset the amount which should have been withheld from the amount of wages due on the final settlement. (*Peoples Bank* v. *Gore*, 178 Miss. 216; *Brondum* v. *Rosenblum*, 117 So. 363 [Miss.]. See, also, *Matter of Sverd* v. *Mostel*, 283 App. Div. 128.)

It is argued that payment of this judgment by the employer constitutes an assignment of the judgment or subrogation to the rights of the judgment creditor. The answer to that is that by the payment of the moneys to the Sheriff the judgment is satisfied to the extent of the money paid and there is no judgment to be assigned.

While the record does not contain the reason why the money was not withheld, it seems to me that there is but one reason that can be rightfully inferred and that is the employer did not withhold the payments from the employee for the reason that he did not want the employee to discontinue his employment. The employee had a right to discontinue his employment if he wished. The reasonable inference to be drawn therefrom is that the employer elected to pay this additional amount in order to retain the services of this employee. He therefore received consideration for the money in the form of the employee's continued employment.

For decisions of other States there seem to be very few cases directly in point. " *Recovery back of voluntary payments.* The garnishee cannot recover back from defendant the amount of the indebtedness which he has voluntarily paid to defendant either before or after service of the writ of garnishment." (38 C. J. S., Garnishment, p. 416.)

The authority for the above statement is a Texas Report entitled: *Baughn* v. *McKee Co.* (124 S. W. 732 [Tex.]).(I do not have access to this report or the statute under which it was made.)

I am following the Corpus Juris statement, as it seems logical. The employer cannot recover judgment against the employee, for moneys which he failed to deduct from employee's wages under a garnishee.

Amend judgment to the amount of the other items admitted, with costs to time of offer of judgment and with costs of this appeal to appellant against respondent.

Submit order accordingly.