BROOM, Justice, for the Court:
Garnishment of a judgment debtor’s wages by a writ served upon the debtor’s employer (appellee/garnishee Delta Electric Power Association-Delta herein) forms the *1379 background to this suit appealed from the Circuit Court of Sunflower County. The issue is: Upon this record should Delta, the garnishee, have continued withholding funds from the wages of the judgment debtor after the return date of the writ? The lower court ruled in favor of Delta, and we affirm.[1]
The record shows that in October 1978, in a tort action, Gloria Leasy (appellant) obtained a $601.85 default judgment upon a writ of inquiry against Paul Zollicoffer. On or about December 18, 1978, Leasy filed a suggestion for issuance of a writ of garnishment naming Delta (Zollicoffer’s employer) as garnishee. The writ was issued and in due course served upon Delta on a later date. At the return date of the February 1979 term of Circuit Court of Sunflower County, Mississippi, Delta’s office manager, Mr. Seward, filed Delta’s (garnishee’s) answer admitting that Delta was indebted to its employee, judgment debtor Zollicoffer for wages earned by Zollicoffer. In its sworn answer, Delta stated that it had thus far withheld $196.62 from Zollicoffer and added:
In addition there may be an additional amount subject to this garnishment which is not now due or owing to the defendant. When and if due, said amount will be paid into court.
On or about September 21, 1979, Leasy’s attorney wrote a letter to Delta’s Mr. Seward inquiring as to the exact status of the garnishment. Delta’s attorney responded by letter stating: (1) Delta had only withheld funds from Zollicoffer’s salary from and after the date the writ was served; (2) Delta only honored garnishments from time of service of the writ until the return date and was not required to withhold money past the writ’s return date. Leasy then filed a motion to cite and require Delta to show cause why it should not be held in contempt for failure to withhold from Zolli-coffer’s wages pursuant to a garnishment in accordance with Mississippi Code Annotated § 85-3-1 (1972), and why Delta should not also be required to pay Leasy a reasonable amount of attorney’s fees. Delta demurred on the ground that the motion failed “to state any cause of action against the garnishee, Delta Electric Power Association.” The demurrer was sustained, and Leasy elected to appeal rather than amend her declaration.
Leasy contends that Delta is required to withhold funds from its employee’s wages not only until the writ’s return date but thereafter. She relies upon Mississippi Code Annotated § 85-3-l(10)(a) (1972), which states in pertinent parts:
The following property shall be exempt from seizure under execution or attachment, to-wit:

Tenth, (a) The wages, salaries or other compensation of laborers or employees residents of this state, for personal services in an amount equal to seventy-five per cent (75%) of such wages, salary or other compensation, due or to become due to such laborers or employees, and the levy as to such percentage of their wages, salaries or other compensation shall be void. The court issuing any writ of garnishment or levy shall show thereon the amount of the claim of the plaintiff and the court costs in the proceedings and should at any time during the pendency of said proceedings in the court a judgment be rendered for a different amount, then the court shall notify the garnishee of the correct amount due by the defendant under said writ or levy. The garnishee shall retain twentv-five per cent (25%) of the wages, salary or other compensation of the laborer or employee during such period of time as it is necessary to accumulate a sum equal to the amount shown as due the court on the writ or lew, at which time the garnishee shall pay the same into the court. Should the employment of the defendant for any reason be terminated with the garnishee, then the garnishee shall not later than fifteen (15) days after the termination of *1380 such employment, report such termination to the court and pay into the court all sums as have been withheld from the defendant’s wages, salaries, or other compensation. If the plaintiff in garnishment contest the answer of the garnishee, as now provided by law in such cases, and proves to the court the deficiency or untruth of the garnishee’s answer, then the court shall render judgment against the garnishee for such amount as would have been subject to the order of condemnation had the said sum not been released to the defendant.
(Emphasis added).
Leasy argues that § 85-3-l(10)(a):
[Rjequires the garnishee to withhold funds from the judgment debtor’s salary for however long it takes to accumulate the amount of the judgment, even . . . [if] . . . past the return term of the writ of garnishment.
There is no doubt that under our previous case law, our garnishment statutes bound a judgment debtor’s property in the hands of a garnishee only until the return date provided in the writ. Columbus Insurance and Banking Company v. Hirsh, 61 Miss. 74, 77 (1883) held that:
It is true that the service of the writ binds any money belonging to the defendant that he may receive between the time of service and the return day of the writ. . . .
To the same effect are Mississippi Cottonseed Products Co. v. Champion, 200 Miss. 460, 27 So.2d 684 (1946); Peoples Bank v. Gore, 178 Miss. 216, 172 So. 506 (1937); and Brondum v. Rosenblum, 151 Miss. 91, 117 So. 363 (1928).
Having in mind our previous case law, we must decide what effect, if any, the 1966 amendment to § 85-3-1, supra, (§ 307 in our 1942 Code) and in particular the language underlined above, had on garnishment procedures. Delta points out that it is a mere stakeholder and as held by us in Brondum v. Rosenblum, supra, at 98, 117 So. at 364.
[M]ust not voluntarily do anything to the prejudice of the parties. [It] must let the law take its course, except [it] may protect [it]self from unauthorized acts and proceedings.
Delta correctly argues that garnishment statutes and other statutes having any effect upon it as to garnishment procedures “should be construed most strongly in favor of the garnishee” (Delta) because of its status as a mere stakeholder. In making our decision here we are mindful that garnishment is a creature of statute and therefore must be strictly construed. Quick Shops of Miss., Inc. v. Bruce, 232 So.2d 351 (Miss.1970).
Both Leasy and Delta agree here that statutes dealing with the same subject matter, in pari materia, will be harmoniously construed. Chapman v. Berry, 73 Miss. 437, 442, 18 So. 918 (1895) stated:
The chapter on garnishment and the independent chapter on exemptions must be so construed as to give harmonious effect to both.
Another point argued by Leasy is that Delta estopped itself from not withholding wages from Zollicoffer’s salary under § 85-3-l(10)(a) by indicating in its answer that it would continue to withhold at applicable rates. What Delta stated in its answer and which is at issue here is:
In addition, there may be an additional amount subject to this garnishment which is not now due or owing to the defendant. When and if due said amount will be paid into court.
The important words in the answer of the garnishee are: “subject to this garnishment.” Under Delta’s view, no funds which were due to the defendant-employee (Zolli-coffer) after the return day were funds which were “subject to this garnishment.” Leasy’s argument on this point is lacking in logic.
Applying these rules of construction, the only way to harmonize the exemption statute as amended in 1966 and the garnishment statutes, Mississippi Code Annotated § 11-35-1, et seq. (1972), is to rule that the 1966 amendment of the exemption statute means only that the garnishment writ requires the garnishee (Delta) to withhold funds from the employee’s wages up *1381 until the return day of the writ or until the full amount of the judgment has been collected, whichever occurs first. Analysis of these statutes causes us to conclude that § 85-3-l(10)(a) was intended by the legislators to allow a 75% exemption (rather than the previous $100 per month) from garnishment of a laborer’s wages. In enacting the amendment of § 85-3-l(10)(a), the legislature used absolutely no language indicating any intent to change the garnishment procedure. Had they intended to change such procedure, it would have been a simple thing for them to have done so by appropriate language or to have stated that such was their purpose. In our opinion, in order to read the statutes relating to exemption and the statutes relating to garnishment and logically to give them meaning, we must reach the conclusion that the legislators did not intend to change the garnishment procedure as it had previously existed. Therefore affirmance is required.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.
PATTERSON, C. J., takes no part.

. New statutory provisions on debtor-creditor relationship are set forth in Mississippi Code Annotated § 85 3 A (Supp.1980) and by amendment to § 85 3 1 (Supp.1980), which became effective on July 1, 1980. The new procedures are not germane to this opinion because the facts of this case transpired prior to July 1, 1980.