COURTEEN SEED COMPANY, Appellant, *v.* HONG KONG AND SHANGHAI BANKING CORPORATION, Respondent.

**Banks and banking — bills, notes and checks — negotiable instruments — negligent use of words — agreement by bank to value credit established by letter of credit in favor of plaintiff's agent — bank guilty of no breach of duty to plaintiff in buying draft of agent after expiry date of letter — sending of erroneous cablegram that it had " drawn under credit "— bank not liable to plaintiff for loss occasioned by its acceptance, on strength of cablegram, of shipment of goods.**

1. A bank, which has agreed to value through its branch bank in a foreign country a credit in favor of plaintiff's agent, established by a letter of credit issued by another bank, is guilty of no breach of duty to plaintiff in buying from the agent, after the expiration of the letter of credit, a draft purporting on its face to be drawn thereon. In doing so it does not act as agent of the drawee but at its own risk and owes no duty to the drawee or its customer.

2. A contention that defendant is liable to plaintiff because its branch bank negligently and erroneously replied to a cablegram directing it to reduce credit that it had already " drawn under credit " and that thereby plaintiff was induced to accept a shipment of goods and reimburse the drawee bank which paid the draft on its arrival with the shipping documents, whereby it was subject to heavy loss, cannot be sustained. Defendant owed no duty of diligence to plaintiff and had no knowledge and could not anticipate that it would accept the shipment merely on the strength of the cablegram. (*Glanzer* v. *Shepard*, 233 N. Y. 236; *International Products Co.* v. *Erie R. R. Co.*, 244 N. Y. 331, distinguished.)

*Courteen Seed Co.* v. *Hong Kong & Shanghai Banking Corp.*, 216 App. Div. 495, affirmed.

(Argued May 16, 1927; decided June 7, 1927.)

APPEAL from a judgment, entered June 9, 1926, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing a dismissal of the complaint.

*Charles F. Fawsett, A. L. Humes, M. E. Harby* and *Milward W. Martin* for appellant. The defendant violated its duty and obligation to the plaintiff by sending the untrue cablegram and failing to correct it. (*Glanzer* v. *Shepard,* 233 N. Y. 236; *Isham* v. *Post,* 141 N. Y. 100; *Bown Bros., Inc.,* v. *Merchants Bank,* 243 N. Y. 366; *Crane* v. *Bennett,* 177 N. Y. 106; *Smith* v. *Frank,* 25 N. Y. Super. Ct. 626; *Loewer* v. *Harris,* 57 Fed. Rep. 368.)

*Henry de Forest Baldwin, Franklin Grady* and *Sherman Baldwin* for respondent. The defendant bank was not the agent of the plaintiff. There was no privity of contract between the plaintiff and the defendant. There was no fiduciary relationship between the plaintiff and the defendant. The defendant was under no duty toward the plaintiff. (*St. Nicholas Bank* v. *State Nat. Bank,* 128 N. Y. 26; *Isler* v. *Nat. Park Bank,* 239 N. Y. 462; *Gilpin* v. *Columbia Nat. Bank,* 220 N. Y. 406; *Kronman & Co.* v. *Public Nat. Bank,* 218 App. Div. 624; *Bank of Taiwan, Ltd.,* v. *Union National Bank of Phila.,* 1 Fed. Rep. [2d] 65; *Second Nat. Bank of Hoboken* v. *Columbia Trust Co.,* 288 Fed. Rep. 17; *Williams Ice Cream Co., Inc.,* v. *Chase Nat. Bank,* 210 App. Div. 179; *Frey & Son, Inc.,* v. *Sherburne Co.,* 193 App. Div. 849; *Imbrie* v. *Nagase & Co., Ltd., No. 2,* 196 App. Div. 380; *Amer. Steel Co.* v. *Irving Nat. Bank,* 266 Fed. Rep. 41; *Birckhead* v. *Brown,* 5 Hill, 634; 2 Den. 375.)

POUND, J. Plaintiff sues to recover more than $300,000 damages through loss on the sale of alfalfa seed which it purchased at Vladivostok in Siberian Russia for resale to customers. Union Trust Company of Chicago had

issued a documentary letter of credit in favor of plaintiff's agent in Siberia, Adolph Heiman, for $600,000 and defendant had undertaken the business of valuing the credit at its branch bank in Vladivostok. The written letter of credit had an expiry date of February 1, 1920. By its terms " shipments must be completed and drafts drawn on or before February 1st, 1920." The defendant after that date purchased a draft from Heiman, drawn on the Union Trust Company, purporting on its face to be drawn under the letter of credit, for $600,000 payable in New York, to pay for seed shipped after the expiry date. The seed arrived in Portland, Oregon, and was accepted by plaintiff in ignorance of the date of the draft and of shipment. Defendant had meanwhile sent the draft to the Union Trust Company for payment. Union Trust Company had paid the defendant and plaintiff had paid the Union Trust Company. The court below properly held that, so far as liability on contract was concerned, defendant was guilty of no breach of duty to plaintiff in buying the draft after the letter of credit had expired. When a bank buys a draft relating to a letter of credit it does not act as the agent of the drawee. The transaction is at its own risk. It owes no duty to the drawee or to the drawee's customer. It buys commercial paper relying on the credit of the drawer and the security that is offered. No contractual relation exists between the drawee's customer and the purchasing bank. Therefore, no breach of contract arises out of the purchase of a draft after the expiry date of the letter of credit. The governing principles in relation to letters of credit in this connection are adequately set forth in the opinion of McAvoy, J., below (216 App. Div. 495) and need not be repeated.

Appellant argues in this court that the respondent should be held liable for careless words. The facts on which it relies to sustain this theory are as follows: On January 28 the Union Trust Company at the request of appellant sent a telegram to respondent's New York

office directing it to cable the Vladivostok branch that in case letter of credit was not used within the time specified, February 1st, the credit be reduced to $300,000 and extended to and until February 10. On January 30 respondent's New York office cabled its Vladivostok office accordingly. This cable did not arrive at respondent's Vladivostok office until the afternoon of February 12, after the Adolph Heiman draft for $600,000 had been purchased. On receipt thereof the Vladivostok office sent a cable to the New York office as follows: "Re your wire 30th January received 12th February too late have drawn under credit." This statement was made negligently in reliance upon a preliminary cabled letter of credit which had no expiry date but which was followed by a confirmatory written letter of credit having an expiry date which respondent negligently overlooked. This cable reached defendant's New York office on February 24. A copy thereof by wire, confirmed the next day by a letter, was sent to the Union Trust Company which communicated the same to respondent. The ship *Waban* arrived in Portland on February 25, with the alfalfa shipment on board. The draft and shipping documents which showed on their face that the draft had been drawn and seed shipped after February 1 had not arrived. Respondent, without waiting the arrival of the shipping documents, took the seed although it was informed that the bill of lading was issued February 9. The draft and shipping documents arrived thereafter and the draft was paid by the Union Trust Company and it was reimbursed by the appellant. When appellant discovered that the draft was drawn and shipment made contrary to the stipulations of the letter of credit it was too late to reject the shipment.

Appellant contends that it did not want the seed when it arrived and that it accepted the shipment solely because it was misled by respondent's untrue telegram; that the worth of the seed resulting from a careful resale deducted

from the total cost of the seed including expenses left a net loss of $319,339.03; that respondent's action in sending the untrue telegram was the direct cause of the loss.

The court has had to deal recently with cases involving liability for information negligently given. They all rest on the principle that negligent words are not actionable unless they are uttered directly, with knowledge or notice that they will be acted on, to one to whom the speaker is bound by some relation of duty, arising out of public calling, contract or otherwise, to act with care if he acts at all. Thus in *Glanzer* v. *Shepard* (233 N. Y. 236) defendants were engaged in business as public weighers. They were requested by sellers of merchandise to weigh and make return of the weight thereof and furnish the buyers with a copy of the return. The merchandise was accepted and paid for on the faith of the certificates. The buyers afterwards found that through the negligence of the weighers the actual weight was less than the weight certified in the return. The defendants were held liable to the buyers for the amount they overpaid. Cardozo, J., said: " The defendants, acting, not casually nor as mere servants, but in the pursuit of an independent calling, weighed and certified at the order of one with the very end and aim of shaping the conduct of another. Diligence was owing, not only to him who ordered, but to him also who relied."

In *International Products Co.* v. *Erie R. R. Co.* (244 N. Y. 331) the rule of liability for negligent words was stated by Andrews, J., as follows: " Liability in such cases arises only where there is a duty, if one speaks at all, to give the correct information. And that involves many considerations. There must be knowledge or its equivalent that the information is desired for a serious purpose; *that he to whom it is given* intends to rely and act upon it; that if false or erroneous he will because of it be injured in person or property. Finally the relationship of the parties, arising out of contract or otherwise, must be such that in morals and good conscience the

one has the right to rely upon the other for information, and the other giving the information owes a duty to give it with care." It was applied when a warehouseman negligently gave wrong information to the owner of goods as to the place of storage, knowing the inquiry was made for the purpose of having insurance placed thereon. (See, also, *Bush Terminal Co. v. Globe & Rutgers F. Ins. Co.*, 182 App. Div. 748; affd., 228 N. Y. 575; 12 Cornell Law Quarterly, 539.)

Here respondent owed no duty of diligence to appellant. Appellant made no inquiry of respondent as to the exact date on which the draft had been purchased and shipment made. The information that respondent gave the Union Trust Company was that the letter of credit had been drawn upon. It ran all the risk of its negligent act in buying the draft after the expiry date. It might anticipate that if it so bought the draft the Union Trust Company would refuse to honor it. It could scarcely anticipate that appellant would, without verifying the date of shipment, accept the alfalfa seed merely on the strength of the telegram. Respondent did not have knowledge or its equivalent that such would be the result of the misinformation, or that the seed would arrive before the draft and accompanying documents. It did not deal with appellant, had no relations with it and was under no duty of care to it. When it notified the Union Trust Company that the draft had been bought under the letter of credit it was justified in assuming that if the information was inaccurate the draft would not be paid on presentation — nothing more. The action of the appellant in accepting the shipment was an indirect or collateral result or consequence of the untrue telegram, but no liability was created thereby under any rule thus far adopted by this court.

The judgment should be affirmed with costs.

CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment affirmed, etc.