ANCHOR LUMBER CORPORATION, Respondent, v. MANUFACTURERS TRUST COMPANY, Appellant.— Order of the Appellate Term, in so far as it affirms a judgment of the Municipal Court, Borough of Brocklyn, affirmed, with costs. The appeal from said order in so far as it affirms the order opening plaintiff's default is dismissed. The facts were settled by the trial court and the Appellate Term, and the conclusion reached below, with which we are not inclined to differ, was that the inquiry was made of the bank as to an account of a customer of the bank. We think there was a duty, in view of the bank's relations to the public, to speak carefully when the defendant's employee undertook to speak at all. The inquiry of the bank clearly imported a merchant's purpose to rely upon the information, and rely upon it it did to its loss. We think the case is distinguishable from *Taylor* v. *Commercial Bank* (174 N. Y. 181) where the cashier of the bank told a merchant that a note which was proposed to be given in payment for goods would be a good note and that the merchant would get his pay. It does not seem to us that this situation is analogous to that presented in the case at bar. We think in upholding this judgment that it does not create too harsh a rule, and that a bank, upon such an inquiry being made, need not answer the inquiry at all or may state to the inquirer, " present your check and we will certify it if good." Young, Kapper, Hagarty and Carswell, JJ., concur; Tompkins, J., concurs as to the dismissal of the appeal with respect to the order opening the default, but dissents from the affirmance of the order of the Appellate Term with respect to the judgment and votes for a reversal of the judgment and the dismissal of the complaint. There is no proof of the authority of the person who answered the telephone inquiry to speak for the bank, and no duty on the part of the bank to give plaintiff, who was not its patron, the information requested. In *Taylor* v. *Commercial Bank* (*supra*) it was held that the cashier of a bank has no apparent or implied authority, by virtue of his position, to make any representations on

behalf of the bank as to the solvency of a customer and that the bank was not liable for damages by reason of such representations.