Jambs D. Hopkins, J.
The third-party defendants move to dismiss the third-party complaint on the ground that it is insufficient in law. The prime plaintiff sues the third-party plaintiff, and another defendant, to recover damages to real property owned by the prime plaintiff under a complaint alleging 10 causes of action sounding in trespass, nuisance and negligence. The third-party plaintiff entered into a contract for the construction of the Sprain Brook Parkway; the prime plaintiff claims that the work performed by the third-party plaintiff and the other defendant resulted in injury to its real property and an apartment building located thereon; for these injuries the prime plaintiff seeks damages in the sum of $12,400,000.
The third-party complaint challenged by this motion contains two causes of action. In the first cause of action the third-party plaintiff alleges that the third-party defendants were engaged under contract by the State of New York to prepare surveys and contract plans and specifications for the construction of the Sprain Brook Parkway; that the surveys and contract plans and specifications and orders of the third-party defendants were followed by the third-party plaintiff in performing its work under its contract with the State; that the surveys and contract plans and specifications were defective; and that if any negligence, trespass or other tort were committed by the third-party plaintiff and damages resulted to the real property of the prime plaintiff, such has been caused by the defective plans and orders of the third-party defendants. The complaint then alleges “ [T]hat the paternalistic nature of the State of New York toward its residents and corporations gave rise to and consideration for the contract by” the third-party defendants for the benefit of the third-party plaintiff. No contract provisions between the State and the third-party defendants are pleaded, either in substance or verbatim.
These allegations do not constitute a cause of action in favor of the third-party plaintiff as a putative third-party beneficiary. Though the trend of the cases treating the doctrine of third-party benefits from a contract made by others has been to enlarge rather than to confine the doctrine (Seaver v. Ransom, 224 N. Y. 233), yet no case so far has vested the right of a third *509 party to enforce a contract for highway construction between the State and consulting engineers on “ the paternalistic nature of the State toward its residents.” Parties injured by a contractor doing public work have been held entitled to recover damages under contract provisions fairly susceptible of the construction that such damages were the obligation of the contractor by the intent of the contract (Coley v. Cohen, 289 N. Y. 365; Wilson v. Costich Co., 231 App. Div. 346, affd. 256 N. Y. 629); where no such intent is inferable, the third party is denied benefits (cf. Snyder Plumbing & Heating Corp. v. Purcell, 9 A D 2d 505). In another class of cases it has been held that no direct cause of action is conferred on an inhabitant of a municipality served by a public utility under contract with the municipality, when injury is suffered by the individual resident (Moch Co. v. Rensselaer Water Co., 247 N. Y. 160).
Perhaps more akin to the case at bar are those instances dealing with the third party suing to recover damages in contract where one engaged to perform a service negligently performed his task and the third party relied on the performance to his detriment (Ultramares Corp. v. Touche, Niven & Co., 255 N. Y. 170; Courteen Seed Co. v. Hong Kong & Shanghai Banking Corp., 245 N. Y. 377; Jaillet v. Cashman, 235 N. Y. 511). In this type of case recovery is rarely allowed, although under certain circumstances liability to a third party may result (cf. State St. Trust Co. v. Ernst, 278 N. Y. 104; Vandewater & Lapp v. Sacks Bldrs., 20 Misc 2d 677).
However, as the cause of action now stands, facts which would create benefits under the State contract with the third-party defendants are lacking, and it is insufficient. The motion to dismiss this cause of action is granted, with leave granted to the third-party plaintiff to serve an amended complaint, if so advised within 20 days of the service of the order with notice of entry.
The second cause of action in the complaint pleads the same facts, and seeks recovery over against the third-party defendants on the theory of negligence. However, the court is of the opinion that the prime complaint pleads active negligence (or independent negligence, as distinguished from dependent or vicarious negligence) and intentional torts against the third-party plaintiff. In this state of the record the right of impleader does not lie (Putvin v. Buffalo Elec. Co., 5 N Y 2d 447; Bush Term. Bldgs. Co. v. Luchenbach S. S. Co., 9 N Y 2d 426). No allegations claimed a vicarious or derivative relationship between the parties (cf. Carlson v. Cross-Siclare & Sons, 106 N. Y. S. 2d 617; Wilson v. City of New York, 131 N. Y. S. 2d 47). The motion to *510 dismiss this cause of action is granted, with leave granted to the third-party plaintiff to serve an amended complaint, if so advised, within 20 days of the service of the order with notice of entry.