Louis B. Heller, J.
In an action based upon an alleged ‘ ‘ negligent misrepresentation ’ ’ certain of the defendants, for convenience hereinafter referred to as ‘ ‘ Friendly Frost”, move to dismiss the complaint for insufficiency (Rules Civ. Prac., rule 106, subd. 4). Also affected by this motion are two other causes of action, one seeking exemplary damages and the other for money had and received.
The following material facts appear in the complaint. Friendly Frost operates a chain of appliance stores or outlets. Over a period of 24 days one Robert Gellis would purchase merchandise from one of the Friendly Frost stores and thereafter sell and distribute the goods to his own customers. Plaintiffs, as one of these customers, purchased merchandise from Gellis. Friendly Frost knew that Gellis was selling and distributing the merchandise to his customers, including the plaintiffs. Gellis represented to the plaintiffs that the merchandise he sold were Friendly Frost “closeouts and liquidations.” Delivery of certain merchandise so purchased by plaintiffs from Gellis was made by Friendly Frost on behalf of Gellis. Gellis was permitted the use of Friendly Frost’s “facilities, equipment and personnel ” to transact his business. Plaintiffs were damaged when Gellis sold them a quantity of stolen cameras in the sum of $12,950.
It is plaintiffs’ theory of action that defendants by their said actions were negligent, and thereby breached a duty owing to the plaintiffs, by leading the plaintiffs to believe that Gellis was distributing only Friendly Frost merchandise (International Prods. Co. v. Erie R. R. Co., 244 N. Y. 331; Glanzer v. Shepard, 233 N. Y. 236; Doyle v. Chatham & Phenix Nat. Bank, 253 N. Y. 369). In other words, though defendants were never under any obligation to speak, having undertaken to do so (by their actions), they assumed the duty to speak carefully (Anchor Lbr. Corp. v. Manufacturers Trust Co., 242 App. Div. 656).
In all of the foregoing cited cases, the court found that there was a breach of a duty by reason of the careless use of certain words. In each of those cases it appears from the facts that the one who uttered the words knew in advance the use to which the information was going to be put by the listener (see Ultramares *222 Corp. v. Touche, 255 N. Y. 170, 182-184). The speaker’s duty was accordingly enlarged to the extent that the risk was foreseeable: “ The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension ” (Palsgraf v. Long Is. R. R. Co., 248 N. Y. 339, 344).
The present complaint, however, shows different facts. In the first cause of action plaintiffs have failed to allege that defendants knew the purpose for which the plaintiffs were going to use the information or that defendants should have reasonably perceived the risk. There is no allegation that defendants’ actions in any way misled plaintiffs or that defendants had reasonable grounds to anticipate that plaintiffs would purchase stolen goods from Gellis, believing that the goods were being purchased from these defendants.
It appears from the complaint only that defendants permitted Gellis to use a portion of defendants’ premises for the sale of Gellis ’ merchandise and that these defendants delivered such merchandise to the plaintiffs. The complaint alleges these facts, but there is no allegation that although plaintiffs were aware of this information, that it was in any way incorrect. As a pleading, the allegation, that plaintiffs made an incorrect inference (Gellis purchased all his merchandise from defendants) from the foregoing facts (that defendants permitted Gellis to use their facilities and that defendants delivered Gellis ’ purchases of merchandise to the plaintiffs), does not justify an inference that defendants were in any way negligent merely by permitting Gellis the use of their facilities to carry on his own business as a jobber and distributor.
In Ultramares Corp. v. Touche (255 N. Y. 170, 185, supra) the Court of Appeals said that there was ‘ ‘ nothing in our previous decisions [which] commits us to "a holding of liability for negligence.” To extend the doctrine of liability for negligent misstatement under the circumstances herein ‘1 will so expand the field of liability for negligent speech as to make it merely, if not quite, coterminous with that of liability for fraud ” (Ultramares Corp. v. Touche, supra, p. 185; Jaillet v. Cashman, 235 N. Y. 511; Courteen Seed Co. v. Hong Kong & Shanghai Bank Corp., 245 N. Y. 377).
The complaint shows affirmatively that any damage occasioned to plaintiffs resulted directly from Gellis ’ criminal act. Fowhere does it appear that these defendents in any way participated in such act or had knowledge thereof or were in any way guilty of negligence on their part which caused plaintiffs their damages. Generally, “ no duty lies to use reasonable care to fore *223 stall the consequences of criminal conduct ” (Campbell v. Cunningham Natural Gas Corp., 164 Misc. 1, 5). The alleged negligence of the defendants “ was the antecedent of the loss sustained by the plaintiff, but it was not, in a juridical sense, the cause of it ” (Lowery v. Western Union Tel. Co., 60 N. Y. 198, 203). If the plaintiffs’ own jobber had not sold them the stolen cameras, plaintiffs would not have been damaged.
The third cause of action, seeking exemplary damages, must also fall since it is based upon the same facts which are alleged in the first cause of action here found to be insufficient.
The second cause of action must also be dismissed. Plaintiffs have failed to allege a proper cause of action for money had and received (see Belkor Knitwear Co. v. Posner, 78 N. Y. 3. 2d 618). The pertinent allegations of the complaint are brief. Plaintiffs “paid” Gellis “ $4,000.00 for certain goods * * * to be purchased by him from defendants * * * for resale by him to the plaintiffs ”. “ The said $4,000.00 was turned over ” by Gellis to the defendants (emphasis supplied). Plaintiffs did not receive the merchandise nor was the money “ returned.” Defendants ‘ ‘ received the said $4,000.00 without giving any consideration therefor and * * * have, been unjustly enriched.”
It is the undisputed rule, as correctly cited by the plaintiffs, that “ the law will compel restitution from a person who obtains money or property from another fraudulently, unjustly or without authority ” (Pink v. Title Guar, & Trust Co., 274 N. Y. 167, 173) (emphasis supplied).
But plaintiffs omit any allegation that the money received by defendants was the property of the plaintiffs and that defendants were aware of that fact. It does not appear from the complaint that the money was received by defendants “ to the use of another,” i.e., the plaintiffs (Roberts v. Ely, 113 N. Y. 128, 131). On the contrary, when plaintiffs paid the money to Gellis they apparently discharged an obligation to Gellis under an agreement with him to advance the money for the purchase to be made on their behalf (see 67 C. J. S., p. 551). Obviously, Gellis was given title to the money and was competent to transfer title thereto to the defendants.
It is unquestionably the rule that ‘‘ ‘ Having money that rightfully belongs to another, creates a debt; and wherever a debt exists without an express promise to pay, the law implies a promise * * * ’ (Byxbie v. Wood, 24 N. Y. 607, 610) ” (Cohen v. City Co. of N. Y., 283 N. Y. 112, 115). At best the plaintiffs’ pleading shows the existence of a debt due from Gellis from which may be implied a promise by him to repay. *224 Under the facts alleged there might he a debt owing by the defendants directly to Gellis from which might be implied a corresponding duty by the defendants to repay Gellis. But the allegations fail to demonstrate any obligation owing by defendants to the plaintiffs.
Plaintiffs cannot recover from defendants, a third party, for property which plaintiffs had for all intents and purposes transferred title to-Gellis, without showing that when the money was turned over to the defendants by Gellis it was done “ for the use of ” the plaintiffs (Quintal v. Kellner, 264 N. Y. 32, 38, 39). Such money was not the asset of the plaintiffs and did not constitute a debt, demand or other property of the plaintiffs (Cohen v. Sherman, 279 App. Div. 939).
Nor does the claim of unjust enrichment enure to the plaintiffs’ benefit. First, it has been shown herein that the money which was turned over to the defendants by Gellis was for the latter’s benefit or use, and not the plaintiffs’ use. Any consequent claim for ‘ ‘ unjust enrichment ’ ’ cannot therefore form a part of the plaintiffs’ cause of action (see Hart v. Dutton & Co., 197 Misc. 274, 279, 280, affd. 277 App. Div. 935; Russ v. Bourn, 205 Misc. 88). Also, without some allegation imposing liability, the allegation that a benefit has been conferred upon the defendants will not alone sustain an action for restitution (Matter of Porter, 142 N. Y. S. 2d 787, 788).
Motion granted. Plaintiffs may, if they be so advised, serve an amended complaint within 20 days after service of the order herein with notice of entry.