John H. Galloway Jr., J.
The Sheriff of Westchester County moves, pursuant to subdivision 21 of section 1558 of the Civil Practice Act, and rule 74 of the Buies of Civil Practice for an order fixing his poundage and levy fees in the amount of $187.31 due from the plaintiff for a levy made on real property under an execution on judgments rendered against these defendants, directing payment thereof, and the docketing of said order as a judgment.
Plaintiff had recovered default judgments against the defendants in two separate actions, against Bruno Borrello for $1,742.66 and against Josephine Borrello, his wife, for $1,867.08. Defendants moved to open their defaults in appearing and answering the complaints in each action and to vacate said judgments, after plaintiff had issued separate executions against each defendant and requested the 'Sheriff to levy thereon against a certain parcel of real property, and pursuant to which the Sheriff had made the levy requested. This court granted said motions and the judgments in each case were vacated and, discharged of record.
The Sheriff claims, under subdivision 21 of section 1558 of the Civil Practice Act his poundage and levy fees of $90.94 against Bruno Borrello, and of $96.37 against Josephine Borrello, a total of $187.31, against which he credits plaintiff with $100 deposited for printing costs, leaving a net balance due of $87.31 which remains unpaid.
Defendants claim the .Sheriff is only entitled to one poundage and levy fee amounting to $93.35 (5% of the Josephine Borrello judgment of $1,867.08). They contend, that, although two judgments were entered and two executions were issued, there was in fact but one debt, and therefore the Sheriff could not be *45 entitled to poundage and levy fees on both executions, since payment by either defendant would have completely paid the debt, the judgments here having been against the husband and also against the wife on but a single debt.
Accordingly, defendants have cross-moved for an order requiring the Sheriff to refund the sum of $6.65 which he holds over and above the correct poundage to which he is entitled.
It was evident to this court, upon the prior motions to open defendants’ defaults and to vacate the judgments, that plaintiff’s counsel had procedurally recovered erroneously two judgments on a single joint and several debt of the husband and wife defendants, and for for this reason the court opened their defaults. As a matter of law, satisfaction of either of the judgments would be a bar to collection on the other.
On the language of subdivision 21 of section 1558 of the Civil Practice Act the Sheriff is entitled to his poundage and levy fees ‘1 upon the value of the property levied upon not exceeding the amount specified in the execution,” where the execution has been vacated or set aside. While there were two executions issued to the Sheriff, the levy requested and made was against the same parcel of realty owned by the defendants husband and wife.
In our opinion, the Sheriff may properly waive one of his poundage and levy fees under the circumstances here presented, and, in consideration of the same circumstances we conclude that he should be restricted to the collection of but one set of fees. (Cf. 37-01 31st St. Realty Corp. v. Young, 138 N. Y. S. 2d 500, 501.) The poundage and fees computed on the Josephine Borrello judgment are $95.85, against which the Sheriff now holds a $100 deposit. Thus there is a credit balance of $4.15 for which the plaintiff is entitled to a refund.
Accordingly, the Sheriff’s motion is denied and the cross motion is granted, to the extent of directing that the computed refund of $4.15 be made to plaintiff, and except as thus granted, the cross motion is denied.