OPINION OF THE COURT
Charles W. Rogers, J.
The defendant, Sam Scott, Jr., in his motion seeks an order vacating an income execution filed against his wages by defendant, Almac Building Maintenance, Inc., Scott’s former employer and for such other relief as the court may deem just and proper.
On March 2, 1979, plaintiff, Strong Memorial Hospital took a judgment against Scott for an obligation due it in the sum of $2,431. Strong Memorial Hospital caused an income execution to be filed against Scott’s wages at Almac ordering the corporation to withhold the appropriate amount from his wages and to forward the moneys to a Sheriff or marshal until the debt was satisfied. Almac failed to honor the income execution. Strong then brought suit against Almac pursuant to the provisions of CPLR 5231 (subd [e]) which renders an employer liable for his employee’s debt when there is a failure to comply with an income execution. Strong, thereafter, obtained a judgment *247 against Almac in the sum of $3,438. (It must be assumed that this judgment included interest and costs because Scott’s initial debt was in the amount of $2,431.) Almac paid the judgment in full and Strong filed a satisfaction of judgment on May 9, 1983. On June 29, 1983, Strong purported to assign the original judgment it received against Scott to Almac. Pursuant to this assignment Al-mac has levied an income execution against Scott at his new place of employment, School Pictures, Inc., 999 Picture Parkway, Webster, New York. The execution is dated August 17, 1983. It is this income execution which Scott seeks to vacate.
There is one other analogism. Almac claims that it withheld $1,080 from Scott’s wages in accordance with Strong’s income execution, but did not forward the moneys to the Sheriff or marshal. In its answering affidavit, Almac computes the debt owed to it by Scott as follows: $3,438 (judgment granted Strong against Almac) minus $1,080 (moneys allegedly withheld from Scott’s wages by Almac) equalling $2,358. This, of course, differs from the amount demanded in the contested income execution ($2,431).
The amount of money demanded by Almac is inaccurate on the basis of the admissions in Almac’s affidavit. The income execution must be vacated on that ground alone. Assuming that Almac has a valid assignment of the judgment against Scott (to be discussed later) the maximum moneys that Scott could owe is $1,351 (his original debt minus moneys withheld by Almac). Almac cannot be heard to say that the interest and costs that it was forced to pay over and above the original debt must be absorbed by Scott. The action brought by Strong against Almac was the result of Almac’s (not Scott’s) failure to honor the income execution. Whatever penalties Almac paid were the result of its inactions; Scott is not liable for them. Almac has not demonstrated that it has a right to claim the amount demanded in its income execution.
A wholly different issue is the validity of the assignment of the original judgment ($2,431) by Strong to Almac. The assignment occurred after the judgment against Almac was satisfied. It was an improper assignment and must be disallowed for various reasons.
*248 An assignment of a judgment is, of course, proper in theory (General Obligations Law, § 13-103). However, an assignment of a judgment is the transfer of a present right to the judgment (Matter of Law Research Serv. v Lutz Appellate Printers, 498 F2d 836, 839). When Strong purported to transfer its right to a judgment against Scott, it had no such right; it had received the debt in full. The recovery extinguished any claims Strong had against Scott. “[T]he creditor is entitled to but one complete satisfaction of the debt and to the extent that such a judgment has been satisfied the right to a further recovery is barred.” (2 Freeman, Judgments [5th ed], § 589, p 1245; see, also, Bedford Hills Concrete Prods. Corp. v Borrello, 38 Misc 2d 43, 45; Russ v Bourn, 205 Misc 88; Merger of Earlier in Later Judgment, Ann., 158 ALR 859, 865.) At the time of the assignment, Strong had no claim, therefore, no right to assign.
When Strong obtained its judgment against Scott, there was at least an opportunity for each party to be heard and to reach a discussion on the merits. Almac has not sought a judgment on the merits, but instead seeks to step into Strong’s shoes. Almac does not have the same rights with regard to Scott as did Strong. Almac admits to withholding over $1,000 from Scott’s wages. The court cannot say exactly what debt existed as between Scott and Almac, if any. Scott claims that moneys were withheld from his wages for three years. It is at least possible that Almac withheld too much. Absent a new judgment on the merits, Almac has no claim to Scott’s income via an income execution. Accordingly, any moneys withheld from Scott’s wages pursuant to Almac’s income execution levied on School Pictures, Inc., are to be returned to Scott and Almac’s income execution dated August 17, 1983 is rendered null and void and is hereby vacated.